En el Tribunal Supremo de Puerto Rico

| El Pueblo de Puerto Rico<br>      Peticionario | Certiorari |
|---|---|
| En Interés del Menor J.M.R.<br>      Recurrido | 98TSPR151 |

Número del Caso: CC-97-743

Abogados del Pueblo de Puerto Rico: Hon. Carlos Lugo Fiol
                                     Procurador General
                                     Lcda. Mayra J. Serrano Borges
                                     Procuradora General Auxiliar

Abogado de J.M.R. :                  Lcdo. Adalberto Núñez López

Tribunal de Primera Instancia, Sala de Menores de Mayaguez

Juez del Tribunal de Primera Instancia: Hon. Lorenzo Cabán Arocho

Tribunal de Circuito de Apelaciones: Circuito Regional IV

Panel Integrado por los Hons.:     Rossy García
                                   Martínez Torres
                                   Rodríguez García

Fecha: 11/12/1998

Materia: Art. 4 Ley de Armas

     Este documento constituye un documento oficial del Tribunal
     Supremo que está sujeto a los cambios y correciones del
     proceso de compilación y publicación oficial de las
     decisiones del Tribunal. Su distribución electrónica se hace
     como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

                         CC-97-743        Certiorari

En Interés del Menor J.M.R.

    Recurrido

PER CURIAM

San Juan, Puerto Rico, a 12 de noviembre de 1998.

Contra el menor J.M.R. se presentó la querella Núm. J-961083 por infringir el Artículo 4 de la Ley de Armas.[1] La vista adjudicativa se celebró el 18 de marzo de 1997 en el Tribunal de Primera Instancia, Sala Superior de Mayagüez, Asuntos de Menores. El menor acudió representado por abogado y acompañado por su abuela, quien era la persona con la custodia legal del primero. A base de la prueba desfilada el Tribunal declaró al menor incurso en la falta y pospuso el pronunciamiento de la medida dispositiva para el día 21 de marzo de 1997.

El 21 de marzo de 1997, con el menor J.M.R. presente en sala acompañado de su abuela y representado por su abogado, el Tribunal emitió

---

[1] Según surge de la querella al menor se le imputaba "que allá en o para el día 30 de octubre de 1996, a la 1:15 p.m. en Mayagüez, Puerto Rico, que forma parte de la jurisdicción del Tribunal Superior de Puerto Rico, Asuntos de Menores, Sala de Mayagüez, ilegal, voluntaria, maliciosa y criminalmente portaba, conducía y transportaba un cuchillo de cocina, siendo dicho cuchillo un arma con el cual se puede causarse [sic] grave daño corporal, cuya arma portaba, conducía y transportaba el imputado menor, en ocasión de usarla no como instrumento propio de un arte, deporte, profesión, ocupación u oficio." A continuación se señalaba que se trataba de un "cuchillo de cocina de 5 pulgadas de hoja, cabo negro, lo llevaba en su mochila y dentro de los predios de la Esc. Manuel A. Barreto de Mayagüez".

una Resolución, posteriormente notificada por correo el 4 de abril de 1997, imponiéndole una medida dispositiva de doce (12) meses de "libertad a prueba bajo la custodia de su abuela y la supervisión del Tribunal pero ubicado en el Hogar CREA de Lajas."[2]

El 23 de abril de 1997, el menor J.M.R. presentó recurso de apelación ante el Tribunal de Circuito de Apelaciones.

El 6 de octubre de 1997, el Procurador General interpuso una Moción de Desestimación en la cual alegó que el recurso de apelación había sido presentado fuera de término por lo que el Tribunal de Circuito de Apelaciones carecía de jurisdicción. Adujo que la resolución recurrida se dictó en corte abierta por el Tribunal de Primera Instancia el 21 de marzo de 1997, habiéndose presentado el correspondiente escrito de apelación el 23 de abril de 1997, es decir, a los treinta y un (31) días de haberse dictado la medida dispositiva. Por su parte, la defensa presentó un escrito titulado "Réplica a Moción de Desestimación". Arguyó que el término para apelar una resolución final en casos de menores comienza a decursar a partir de la fecha en que la secretaría de la Sala de Asuntos de Menores notifica por correo a las partes con copia de la resolución emitida. Fundamentó su posición en lo resuelto en *Pueblo de Puerto Rico en interés del menor R.S.R.*, 121 D.P.R. 293 (1988). El Tribunal de Circuito de Apelaciones dictó "Resolución y Orden" el 3 de noviembre de 1997, notificada el 14 de noviembre del mismo año, mediante la cual determinó que la presentación del recurso fue oportuna y ordenó que las partes presentaran sus alegatos de conformidad con lo dispuesto en su Reglamento.

---

[2] De acuerdo con el testimonio del Técnico de Relaciones de Familia, encargado de darle seguimiento al caso, el joven no cumplió con las condiciones impuestas para continuar en probatoria por lo que fue ingresado en una institución de la Administración de Instituciones Juveniles. Específicamente el funcionario alegó mediante Solicitud de Detención de 7 de abril de 1997, que el joven había sido ingresado en el hogar CREA de Lajas el 21 de abril de 1997. Sin embargo, el día 30 del mismo mes y año fue llevado al hogar de la abuela por no cumplir con las normas de tratamiento, por lo que se encontraba en la comunidad sin ningún tipo de supervisión de sus familiares ni del Tribunal. Posteriormente, se le concedió una segunda oportunidad y se le reubicó en el Hogar CREA de Isabela. No obstante, el mismo día de su ingreso abandonó el tratamiento. El 12 de junio de 1997 el Tribunal de Primera Instancia ordenó su detención. El 1 de julio de 1997, luego de examinar el informe social rendido y lo informado en corte abierta el Tribunal entendió que el menor había incumplido con las condiciones que le fueron impuestas por lo que declaró con lugar la revocación de la probatoria que disfrutaba el menor

Inconforme con este dictamen, el Procurador General presentó recurso de *certiorari* ante nos el 12 de diciembre de 1997. Planteó la comisión del siguiente error:

> "Erró el Tribunal de Circuito de Apelaciones al resolver que el término para presentar apelación de una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Asuntos de Menores de la cual advino en conocimiento el menor y su representante legal en sala, comienza a decursar a partir de la fecha en que se notificó por correo la misma al tenor de lo resuelto en El Pueblo de Puerto Rico en interés del menor R.S.R., 121 D.P.R. 293 (1988)."

El 5 de febrero de 1998, emitimos Resolución expidiendo el Auto de *certiorari*.

El 19 de marzo de 1998, compareció la representación del menor J.M.R. mediante escrito titulado "Habeas Corpus" alegando que éste se encontraba ilegalmente encarcelado ya que, aún habiendo cumplido la medida dispositiva el 17 de marzo de 1998, el Tribunal de Primera Instancia se negaba a expedir la orden de excarcelación alegando falta de jurisdicción y que, de otra parte, los funcionarios de la Administración de Instituciones Juveniles habían manifestado que no excarcelarían al joven sin una orden previa a esos efectos. En consecuencia nos solicitó ordenarle a la Administración de Instituciones Juveniles la excarcelación del menor.

Mediante Resolución de 19 de marzo de 1998, notificada el día 20 del mismo mes y año, acogimos el escrito titulado "Habeas Corpus" como una "Moción en Auxilio de Jurisdicción" y en virtud de nuestro poder inherente le ordenamos al Tribunal de Primera Instancia intervenir en la consideración

del asunto y resolver conforme a derecho.[3]

---

por la querella J-96-1083 y entregó su custodia a la Administración de Instituciones Juveniles por los restantes nueve (9) meses.

[3] No consta en autos el resultado de dicho trámite; no obstante, procede que resolvamos lo planteado en este recurso ya que cumplida o no la medida dispositiva el menor tiene derecho a que se determine por el foro apelativo si ésta

...continúa

...continuación

debía revocarse. En *Sibron v. New York* 20 L. Ed. 2d 917 (1968), el Tribunal Supremo de los Estados Unidos se enfrentó a una situación similar a la del caso de autos. Concluyó que:

> "[o]n numerous occasions in the past this Court has proceeded to adjudicate the merits of criminal cases in which the sentence had been fully served or the probationary period during which a suspended sentence

Nos corresponde determinar si el término de treinta (30) días para apelar una determinación final en un caso de menores – donde se impuso una medida dispositiva estando presente el menor, representado por abogado y acompañado por su abuela, persona que lo tiene bajo su custodia legal –comienza a transcurrir desde que la misma fue dictada en corte abierta o desde el momento en que el menor recibe la notificación de la resolución por correo.

## II

La Ley Núm. 88 de 9 de julio de 1986, 34 L.P.R.A. sec. 2201 *et. seq.*, conocida como "Ley de Menores de Puerto Rico", regula los procedimientos – fundamentalmente investigativos y judiciales – en aquellos casos en que menores de dieciocho años incurren en conducta constitutiva de falta. Esta ley sustituyó la anterior Ley de Menores de Puerto Rico, Ley Núm. 97 de 23 de julio de 1955, según enmendada. Al aprobar el actual estatuto el legislador plasmó su intención en la Exposición de Motivos de la siguiente manera:

> "...esta ley adopta como marco filosófico del Sistema de Justicia Juvenil, el humanismo dentro de un enfoque ecléctico de acción e intervención, donde se compatibilicen la propuesta rehabilitadora y el poder y responsabilidad posible inherente al Estado de brindarle toda oportunidad rehabilitativa, así como exigirle al menor un *quantum* de responsabilidad para dirigir sus actos y responder por éstos.[...]"[4]

A renglón seguido el Artículo 2 de dicha ley, *supra,*[5] sintetizó esa intención al establecer como sus propósitos fundamentales el garantizarle a los menores las providencias necesarias que salvaguarden sus derechos

---

could be reimposed had terminated". (citas omitidas.) Thus mere release of the prisoner does not mechanically foreclose consideration of the merits by this court". *Sibron v. New York, supra,* pág. 928.

Vale señalar que habiéndose expedido por este Tribunal el auto de certiorari, J.M.R. manifestó mediante "Moción Infomativa en Cumplimiento de Orden" de 23 de julio de 1998, presentada ante el Tribunal de Circuito de Apelaciones, su interés en la continuación de los procedimientos en el presente recurso [...]".

Además, la controversia sobre cuando comienza a decursar el término para recurrir de la misma es dable a repetirse por lo que el caso no es académico. *Roe v. Wade,* 410 U.S. 113 (1973); *Southern Pacific Terminal Co. v. I.C.C.,* 219 U.S. 498 (1911);.*Comisión de la Mujer v. Srio. de Justicia,* 109 D.P.R. 715, 724-726 (1980). Sobre todo si tomamos en consideración que el procedimiento para que se perfeccionen los recursos en la etapa apelativa suele tomar una cantidad considerable de tiempo.

[4] Exposición de Motivos de la Ley Núm. 88 de 9 de julio de 1986, Leyes de Puerto Rico, pág. 285.

constitucionales y el debido proceso de ley, proveer las herramientas que conduzcan a su eventual rehabilitación y asegurar el bienestar de la comunidad en general.

Es decir, con esta nueva ley el procesamiento de los menores que incurren en conducta delictiva adquiere "matices

---

5 34 L.P.R.A. sec. 2202.

de naturaleza punitiva que van más allá del propósito meramente rehabilitador y paternalista de la antigua ley." *Pueblo en Interés de los Menores A.L.R.G. y F.R.G.*, Op. de 16 de marzo de 1993, 132 D.P.R. _____ (1993), 93 J.T.S. 39, pág. 10521; *Pueblo en Interés del menor R.G.G.*, 123 D.P.R. 443 (1989). No obstante, a fin de rehabilitar a los menores hemos reconocido la necesidad de que los procedimientos que le atañen se mantengan separados de los procedimientos de adultos. *Pacheco v. Vargas, Alcaide*, 120 D.P.R. 404,411 (1988); *Pueblo ex rel. L.V.C.*, 110 D.P.R. 114, 124 (1980); *R.A.M. v. Tribunal Superior*, 102 D.P.R. 270, 273 (1974). Sin embargo, hemos expresado también que las "faltas", al igual que los "delitos", tienen dos elementos básicos: una conducta y una sanción. Véase, *Pacheco v. Vargas, Alcaide*, *supra, págs. 411-413.*

### III

Con el trasfondo anterior definimos el procedimiento de menores como "uno especial donde los delitos se denominan faltas, el juicio se denomina vista adjudicativa y la

sentencia medida dispositiva."[6] Dora Nevares-Muñiz, *Derecho de Menores*, 3ra ed., Instituto para el Desarrollo del Derecho, Inc., Hato Rey, 1997, pág. 13.

Una vez impuesta la medida dispositiva se puede revisar su alcance por un tribunal de superior jerarquía. Así lo dispone la Regla 9.1 de las de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, R. 9.1[7] según

---

[6] La "falta" según definida en el Artículo 3(j) de la Ley Núm. 88, *supra,* 34 L.P.R.A. sec. 2203, es "la infracción por un menor de las leyes penales, especiales u ordenanzas municipales de Puerto Rico, excepto las infracciones o tentativas que por disposición expresa de este Capítulo estén excluidas". Asimismo, se han definido las vistas tanto adjudicativas como dispositivas. La primera como aquella etapa donde se habrá de determinar si el menor incurrió en
...continúa

...continuación

conducta constitutiva de violación a algún estatuto penal. Y la segunda -una vez se encuentra al menor incurso en la falta- como el momento en el que se le impondrá al menor una medida. En esta etapa el Tribunal dispone también todo lo relacionado con la ejecución y supervisión de dicha medida. Dora Nevares, *supra,* pág. 17. Esta vista tiene su equivalente en las vistas para la imposición de sentencias en los procedimientos criminales ordinarios. Dora Nevarez ,*supra,* pág. 118. Conviene precisar que el Artículo 33 de la Ley de Menores, 34 L.P.R.A. sec. 2233, requiere que los dictámenes del Tribunal se denominen resoluciones. A renglón seguido enumera algunas de las instancias en que el Tribunal puede así proceder entre las que incluye *"el imponer cualquier medida dispositiva".*

[7] Estas reglas fueron aprobadas para regir los procedimientos cubiertos por la Ley de Menores, *supra.*

enmendada por la Ley Núm. 88 de 27 de julio de 1996.[8] La actual regla en su parte pertinente lee como sigue:

> "(1)Las órdenes y resoluciones finales dictadas por el Tribunal de Primera Instancia de conformidad con la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como 'Ley de Menores de Puerto Rico', podrán ser apeladas ante el Tribunal de Circuito de Apelaciones, excepto cuando la Resolución final se base en una alegación del menor admitiendo los hechos, en cuyo caso procederá únicamente el recurso de certiorari, a ser expedido por el Tribunal de Circuito de Apelaciones a su discreción. Las órdenes y resoluciones interlocutorias podrán ser revisadas ante el Tribunal de Circuito de Apelaciones mediante recursos de certiorari promovido por el menor o el Procurador. En la interposición de estos recursos deberán regir las reglas adoptadas por el Tribunal Supremo de Puerto Rico, sujeto a las siguientes normas:
>> (a) Se revisará la orden o resolución a nombre del menor y a instancia de su padre, tutor, encargado, persona interesada o del director del departamento o agencia encargada de su custodia.
>> (b) (1) La apelación se formalizará presentando un escrito de apelación conforme a lo dispuesto en el Plan de Reorganización Núm. 1 de la Rama Judicial, aprobado el 28 de julio de 1994, según enmendado; conocido como la 'Ley de la Judicatura de 1994", y dentro de los treinta (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso. Este término es jurisdiccional.
> (2) [...]
>
> (3) La solicitud de certiorari para revisar las órdenes y resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia se formalizará presentando un escrito de certiorari conforme a lo dispuesto en el Plan de Reorganización Núm. 1 de la Rama judicial, aprobado el 28 de julio de 1994, según enmendado, conocido como la 'Ley de la Judicatura de 1994', y dentro de los treinta (30) días siguientes a la fecha en que se notificó la orden o resolución. [...]

Las enmiendas que sufrió la Regla 9.1, supra, en virtud de la Ley Núm. 88, supra, surgieron en respuesta a la necesidad de atemperar lo allí dispuesto con la nueva estructura de la rama judicial contenida en la Ley de la Judicatura de Puerto Rico de 1994. Estructura ésta que comprende un tribunal de primera instancia unificado, un tribunal apelativo intermedio y el Tribunal Supremo como tribunal de última instancia.[9] Asimismo, se

---

[8] La versión anterior proveía para que las órdenes y resoluciones finales dictadas por los tribunales de instancia fueran apeladas al Tribunal Supremo. Asimismo, las órdenes y resoluciones interlocutorias podían ser revisadas, discrecionalmente por el Tribunal Supremo.
[9] Véase la Exposición de Motivos de la Ley Núm. 88 de 27 de julio de 1996.

extendió de veinte (20) a treinta (30) días el término para apelar al Tribunal de Circuito de Apelaciones una orden o resolución final.

La Regla 9.1(1)(b)(1) concede el término de treinta (30) días para apelar una orden o resolución final ante el tribunal apelativo. El término, según dispuesto por la propia regla, comienza a contarse <u>desde la fecha en que se dictó la resolución que dispuso del caso.</u>

Cuando "la ley es clara y libre de toda ambigüedad no debemos menospreciar su letra con el pretexto de cumplir su espíritu". Artículo 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14; *Román v. Superintendente de la Policía*, 93 D.P.R. 685, 686 (1966).

La regla citada encuentra su homóloga en la Regla 194 de las Reglas de Procedimiento Criminal.[10] Sabido es que en los procedimientos de adultos el término para apelar una sentencia comienza a contarse a partir de la fecha en que la misma fue dictada en corte abierta. La Regla 194, *supra,* dispone como sigue en la parte pertinente:

> "[l]a apelación se formalizará presentando un escrito de apelación en la secretaría de la sala del Tribunal de Primera Instancia que dictó la sentencia o en la secretaría del Tribunal de Circuito de Apelaciones, <u>dentro de los treinta (30) días siguientes a la fecha en que la sentencia fue dictada</u> [...]." Énfasis nuestro.[11]

Es principio cardinal en nuestra jurisdicción que los términos para apelar sentencias – no importa si éstas son de carácter civil o penal – tienen el propósito de establecer la jurisdicción de los tribunales apelativos. *Pueblo v. Miranda Colón*, 115 D.P.R. 511, 513 (1984). Una vez transcurrido el término dispuesto por el legislador, los tribunales apelativos carecen de jurisdicción para entender en la controversia ante ellos levantada. Los términos para apelar no pueden, en consecuencia, ser prorrogados porque al

---

[10]34 L.P.R.A., Ap. II, R. 194.

[11] Esta regla también fue enmendada en virtud de la Ley Núm. 251 de 25 de diciembre de 1995. Surgió por la necesidad de atemperar su contenido con la Ley de la Judicatura de 1994. Véase, además, María L. Colón, *Comentarios a las Reglas de Procedimiento para Asuntos de Menores,* Rev. Forum, Año 3, Núm. 1, Enero–Marzo, 1987.

así actuar estarían los tribunales excediéndose en la autoridad que les fuera concedida. *Id.*

IV

En el caso de autos se trata de una medida dispositiva que el Tribunal de Primera Instancia le impuso al menor J.M.R. el 21 de marzo de 1997. Esta tendría una duración de doce (12) meses. A la vista señalada para esa fecha el menor acudió acompañado de su representante legal y de su abuela, que ejercía su custodia legal, quienes advinieron en conocimiento de la misma. Fue a partir de esa fecha que comenzó el menor a cumplir la medida impuesta. Conviene precisar que para esa fecha estaba vigente la actual Regla 9.1(1)(b)(1) ya que la ley que instrumentó la enmienda comenzó a regir inmediatamente después de su aprobación el 25 de diciembre de 1995. El 23 de abril de 1997, es decir treinta y un (31) días después de haberse impuesto la medida dispositiva, el menor presentó escrito de apelación ante el Tribunal de Circuito de Apelaciones. Habiendo presentado el Procurador General una Moción de Desestimación, el apelante arguyó que el término debía computarse desde el 4 de abril de 1997, fecha de la notificación de la resolución por correo.

El Tribunal de Circuito de Apelaciones amparándose en lo resuelto por este Tribunal en *Pueblo de Puerto Rico en interés del menor R.S.R.*, *supra,* concluyó que habiéndose archivado en autos copia de la notificación el 4 de abril de 1997, la presentación del recurso fue oportuna. No le asiste la razón.

En el caso de *Pueblo de Puerto Rico en interés del menor R.S.R.*, *supra,* se cuestionó la jurisdicción de este Tribunal sobre una apelación que alegadamente fue notificada fuera de término. Teníamos que determinar allí si el término para acudir ante nos para revisar el dictamen del Tribunal de Menores renunciando su jurisdicción sobre el menor debía contarse desde que se emitió la sentencia o desde que ésta fue notificada. Se trataba, pues, de una resolución, con efecto de sentencia, *donde se declaraba con lugar una moción de renuncia de jurisdicción sobre el menor* a quien se le imputaba una falta. La regla pertinente de la Ley de Menores

disponía, al igual que su equivalente en las Reglas de Procedimiento Criminal, que el término para apelar la orden o resolución era de veinte (20) días a contarse a partir de la fecha en que la misma se dictó.

En aquel caso, y a base de los hechos particulares del mismo, concluimos que ambos procesos eran distintos. Específicamente señalamos lo siguiente:

> "En el caso en que se sentencian adultos ante el Tribunal Superior, éstos de ordinario están presentes, asistidos de abogado, al momento de la imposición de la sentencia por lo que, desde el punto de vista del debido proceso de ley, no hay reparo a que el término de veinte (20) días que éstos tienen para radicar su escrito de apelación comience a contarse desde que se dicta la sentencia, por cuanto quedan notificados el mismo día. En las situaciones como las que presenta el caso de autos, sin embargo, la resolución se emite por escrito, luego de haberse celebrado la vista, y la misma, de ordinario, es notificada por correo; en otras palabras, el menor perjudicado por dicha resolución, y su abogado, no se enteran del contenido de la misma el día de su emisión. Podría, inclusive, darse el caso de que resoluciones como la aquí en controversia se emitan por el magistrado y no se notifiquen por la secretaría del tribunal hasta pasados los veinte (20) días de su emisión." *Pueblo de Puerto Rico en interés del menor R.S.R.*, *supra*, pág. 301. (Énfasis nuestro).

Así las cosas, establecimos que para no propiciar que se afectara de manera intolerable el derecho de apelación que concedía la Ley de Menores en los casos de renuncia de jurisdicción, el término comenzaría a decursar a partir de la fecha en que la secretaría de las Salas de Asuntos de Menores certifiquen haber notificado a las partes con copia de la resolución emitida. *Id.*

Dicho caso a todas luces se distingue del de autos. En aquél se trataba de una resolución emitida por escrito –luego de haberse efectuado la correspondiente vista, donde el tribunal declaraba con lugar una moción de renuncia de jurisdicción. De ordinario la evaluación que hace el Tribunal para determinar si renuncia o no su jurisdicción sobre un menor va precedida de un riguroso análisis que incluye entre otros los siguientes factores: naturaleza de la falta que se le imputa al menor y las circunstancias que la rodearon; historial legal previo; historial social del menor; y si de la evaluación hecha por el tribunal del historial del menor y sus actitudes surge la necesidad de establecer controles respecto a

su comportamiento que no puedan ser provistos en los centros de custodia o de rehabilitación. Véase el Artículo 15 de la Ley de Menores, *supra*.[12] Ciertamente, por las particularidades de este trámite, el menor o su representante legal no advienen al conocimiento de la determinación del tribunal sino hasta después de haberse notificado la misma. Sin embargo, en el caso de autos, tanto el menor como su abogado en corte abierta supieron de la imposición de la medida dispositiva. Es decir, no se trata aquí de una resolución cuyo contenido se reservó el Tribunal para notificarlo posteriormente, sino de una resolución final dictada en sala.

En el caso de autos no están presentes los motivos que justificaron la excepción que reconocimos en *Pueblo de Puerto Rico en interés del menor R.S.R., supra*. La resolución aquí se dictó en corte abierta, frente al menor, su abogado y su abuela. Distinto sería si el menor no estuviera acompañado por su representante legal al momento de la imposición de la medida dispositiva, en cuyo caso se justificaría la aplicación de la doctrina expuesta en *Pueblo en interés del menor R.S.R., supra. Esto, sin embargo, no ocurre en la práctica ni ocurrió en el caso de autos.*

Siendo deber ministerial de los tribunales el velar por su jurisdicción, *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644, 645 (1979); y no teniendo éstos la discreción para abrogársela si no la tienen, *Martínez v. Junta de Planificación*, 109 D.P.R. 839, 842 (1980); *Maldonado v. Pichardo*, 104 D.P.R.778, 782 (1976); concluimos que el foro apelativo carece de jurisdicción. El escrito de apelación de la medida dispositiva se presentó ante el Tribunal de Circuito de Apelaciones a los treinta y un (31) días de haberse dictado la misma en corte abierta, por lo que carece de jurisdicción el foro apelativo.

Por los fundamentos antes expuestos se revoca la resolución recurrida y se desestima la apelación presentada ante el Tribunal de Circuito de Apelaciones.

Se dictará sentencia de conformidad.

---

[12] 34 L.P.R.A. sec. 2215.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico en          CC-97-743
interés del menor J.M.R.

SENTENCIA

San Juan, Puerto Rico, a 12 de noviembre de 1998.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia revocando la del 3 de noviembre de 1997, dictada por el Tribunal de Circuito de Apelaciones, por carecer dicho foro de jurisdicción y se desestima la apelación presentada ante el foro apelativo intermedio.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García concurre sin opinión escrita. La Juez Asociada señora Naveira de Rodón y el Juez Asociado señor Fuster Berlingeri disienten sin opinión escrita.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo