Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| *EX PARTE:* | | *Revisión Judicial* |
| ANGÉLICA R. RIVERA BAÉZ | | Caso Núm. |
| Recurrente | KLRA202300552 | |
| | | Sobre: |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

a.

Comparece por derecho propio y en forma *pauperis[1],* la señora Angélica Rivera Báez (señora Rivera Báez o recurrente), mediante lo que calificamos como *Recurso de revisión judicial.* De una lectura del referido *recurso,* inferimos que la recurrente solicita la revisión de una acción tomada por la Administración de Desarrollo Socioeconómico de la Familia, respecto a su solicitud para recibir los beneficios del Programa de Ayuda Temporal para Familias Necesitadas (Programa TANF), Categoría D.

Sin embargo, el escrito se encuentra realmente incompleto, careciendo de la información mínima para que podamos siquiera evaluar nuestra jurisdicción para atenderlo.

b.

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied*

---

[1] En su Recurso de revisión judicial la recurrente incluyó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia*, que, luego de evaluada, acogemos.

*Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385; *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Tanto los foros de instancia, como los foros apelativos, tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, supra; *Shell Chemical v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. *Mun. San Sebastián v. QMC*, 190 DPR 652, 659 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

En consonancia, como cuestión de umbral, estamos obligados a examinar si tenemos jurisdicción para atender el recurso de revisión judicial presentado, pues *las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. Mun. San Sebastián v. QMC Telecom,* supra. De concluir que carecemos de jurisdicción o de autoridad para entrar en los méritos de las controversias planteadas, procede desestimar el recurso, pues, "[e]l no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal". *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). *Pueblo en interés menor J.M.R.*, 147 DPR 65, 78 (1995).

Por otra parte, el Artículo 4.002 de la Ley 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, según enmendada, (4 LPRA sec. 24 *et seq.*), (Ley de la Judicatura), dispone, en lo pertinente, que el Tribunal de Apelaciones revisará, como cuestión de derecho, las **decisiones finales** de los organismos y agencias administrativas, cuyo trámite se hará de conformidad con las disposiciones de la Ley Núm. 38

de 30 de junio de 2017, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU). (Énfasis provisto.) A tenor, la Regla 56 de nuestro Reglamento, 4 LPRA Ap. XXII-B, dispone para que este foro intermedio revise las decisiones, los reglamentos, las órdenes, las resoluciones y las providencias **finales** dictadas por organismos o agencias administrativas. (Énfasis provisto.)

Por su parte, la LPAU define el ámbito de la revisión judicial. Conforme a la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, **solamente las órdenes o resoluciones finales dictadas por las agencias o funcionarios administrativos pueden ser revisadas judicialmente**. (Énfasis provisto.) La Sección citada establece, en lo pertinente, lo siguiente:

> [u]na parte adversamente afectada **por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia** o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la **orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis provisto).

El Tribunal Supremo ha manifestado que la citada sección de la LPAU limitó nuestra facultad de revisión judicial a decisiones que cumplieran con dos requisitos: (a) que fueran órdenes o resoluciones finales de la agencia, y (b) que la parte adversamente afectada hubiese agotado todos los remedios provistos por la agencia administrativa. *J. Exam. Tec. Med. v. Elías et al*, 144 DPR 483 (1997).

c.

De un examen del *Recurso de revisión* bajo instado por la señora Rivera Báez surge que incumple con los requisitos mínimos que exige la Regla 59 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 59, para que lo podamos considerar como perfeccionado. Por mencionar algunos de las

carencias que este exhibe: no incluye un índice con las autoridades legales; no adjunta copia de la *Resolución* de la cual solicita revisión, ni de su notificación, (solo incluyó una *Evaluación médica-social* suscrita por una doctora del Programa TANF); tiene ausencia de una relación de los hechos procesales y fácticos pertinentes al asunto; no hace señalamientos de errores, y, en consecuencia, menos aún discute los errores que no fueron señalados; no hay una súplica; no se hace indicación de disposiciones legales que sostengan el petitorio, y mucho menos se incluyó un índice del apéndice. Además, tampoco surge que hubiese notificado del *Recurso de revisión judicial* al Secretario de Justicia, menos aún en el término que tenía para ello. Es decir, estamos ante un típico caso en que un ciudadano lego trata de buscar auxilio ante este foro intermedio, pero, lamentablemente, incumple de manera sustancial con los requisitos mínimos legales para concedernos jurisdicción, privándonos del poder legal para actuar.

Se debe advertir que, aunque, por una parte, el Artículo 1.002 de la Ley de la Judicatura, 4 LPRA sec. 24(a) establece como uno de los principios fundamentales de la Rama Judicial el proveer accesibilidad de los procesos a la ciudadanía, por otra parte, nuestro Tribunal Supremo ha manifestado que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. *Febles v. Romas,* 159 DPR 714, 722 (2003). En consecuencia, el recurrente viene obligado al fiel cumplimiento del trámite prescrito en las leyes y reglamentos aplicables al recurso instado. *Soto Pino v. Uno Radio,* 189 DPR 84, 90 (2013).

Por tanto, determinamos que el recurso presentado se encuentra desprovistos de los documentos esenciales que nos permiten auscultar la jurisdicción de este Foro apelativo para ejercer nuestra función revisora, por lo que estamos impedidos entender en el mismo.

d.

Habiendo reconocido que estamos impedidos por disposición de ley de actuar sobre los méritos del recurso presentado, con todo, en consideración al principio de proveer las condiciones para que los ciudadanos puedan tener mayor acceso a la justicia, le proveemos a la señora Rivera Báez la información que sigue. El *Reglamento de normas de certificación para la determinación de elegibilidad a solicitantes y participantes del programa de ayuda temporal para familiar necesitadas,* Reglamento Núm. 7653 del 29 de diciembre de 2008 (Reglamento Núm. 7653) y el *Reglamento para establecer los procedimientos de adjudicación de controversias ante la junta adjudicativa del Departamento de la Familia,* Reglamento Núm. 9491 del 24 de agosto de 2023 (Reglamento Núm. 9491), establecen los procesos administrativos disponibles para que las partes afectadas por alguna acción tomada por la Administración de Desarrollo Socioeconómico de la Familia, respecto a una solicitud para recibir los beneficios del TANF puedan plantear sus reclamos.

En consonancia, las personas que solicitan los beneficios del programa TANF, (como lo es la señora Rivera Báez), pueden radicar una solicitud de apelación ante la referida Junta, cuando hay: (1) demora en la toma de decisión relacionada a la solicitud; (2) rechazo de la solicitud de ayuda económica; (3) no está de acuerdo con la cantidad de ayuda económica asignada; (4) no está de acuerdo con la forma que se hacen los pagos; (5) no acepta alguna condición requerida como requisito de elegibilidad; y (6) no está de acuerdo con cualquier otra acción tomada por el Programa con relación a su solicitud. Capítulo VI, Artículo 1, Sección 1.1, Reglamento Núm. 7653, *supra.* La referida solicitud, indicando su deseo de apelar la determinación realizada por la agencia, debe ser: (a) en cualquier momento cuando se considere que ha habido demora en la atención de su solicitud; (b) dentro de los 15 días calendario a partir de la

fecha de la notificación escrita de la acción tomada con su solicitud o caso; y (c) dentro de un periodo de diez días calendario después de haber enviado la notificación de la acción que intenta tomar con su caso. Capítulo VI, Artículo 2, Reglamento Núm. 7653, *supra.*

Una vez se complete el proceso administrativo, la Junta emitirá, dentro de los 90 días siguientes a la vista administrativa, una *Orden* o *Resolución Final* por escrito, en donde deberá incluir determinaciones de hechos, conclusiones de derecho que fundamenten la adjudicación y la disponibilidad del recurso de reconsideración o revisión. Es de esta determinación final de la cual se puede recurrir ante nosotros mediante la presentación de un *Recurso de revisión judicial.*

Por tanto, sépase que el Departamento de la Familia provee un mecanismo para que los solicitantes de los beneficios del TANF, puedan objetar cualquier determinación respecto a un resultado insatisfactorio sobre esta solicitud. Las personas inconformes con la determinación tomada por la Administración de Desarrollo Socioeconómico de la Familia, deben primero agotar los remedios administrativos dispuestos por la misma agencia (utilizar el proceso interno de la agencia para revisar sus determinaciones), antes de acudir ante los tribunales en busca de remedios.[2]

Por los fundamentos que anteceden, desestimamos el recurso presentado, por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Nótese que, **en acciones de rechazo o cierre, las personas tienen derecho a solicitar nuevamente los beneficios.** Capítulo II, Artículo 1 y Capítulo V, Artículo 1 del Reglamento Núm. 7653.