Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>V.<br><br>SHAMIR D. LARACUENTE PIZZARO;<br>ELIYADIEL GUERRA CENTENO<br><br>Apelantes | KLAN202500395 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>D LA2024G0110 y otros<br><br>Sobre: Debido Proceso de Ley y Ausencia de Prueba |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de agosto de 2025.

Comparecen Shamir Laracuente Pizarro y Eliyadiel Guerra Centeno (apelantes) y solicitan que revisemos varias *Sentencias* dictadas en corte abierta el 26 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI) y notificadas electrónicamente el 8 de abril de 2025 por la Secretaría del TPI a través del Formulario Único de Notificaciones OAT 1812.[1] Tras encontrarlos culpables de violar los Artículos 2.16 (A), 6.12 (d) y 6.02 de la *Ley de Armas de Puerto Rico*, Ley Núm. 168-2019, según enmendada, 25 LPRA secs. 462o, 466k y 466a, el TPI impuso una pena de doscientos noventa y cuatro (294) años de reclusión a cada apelante.

El 2 de mayo de 2025, la Oficina del Procurador General, en representación del Pueblo de Puerto Rico (OPG), presentó una *Solicitud de Desestimación.* En esta, alegó que este Tribunal carecía de jurisdicción para atender este recurso en sus méritos por haberse

---

[1] Apéndice de *Solicitud de Desestimación,* Anejo I, págs. 1-8.

presentado tardíamente la apelación. La OPG sostuvo que la Regla 193 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193, otorgaba un término de treinta (30) días para presentar un recurso de apelación, a partir de la fecha en que se dictó sentencia en corte abierta. Basado en lo anterior, la OPG argumentó que, a pesar de que las *Sentencias* apeladas se notificaron el 8 de abril de 2025, los apelantes estuvieron presentes cuando se dictaron en corte abierta, es decir, el 26 de marzo de 2025. Adujo que a partir de tal fecha es que se debía computar el término jurisdiccional para presentar una apelación. Por ello, precisó que la fecha para presentar este recurso venció el 25 de abril de 2025, por lo que se presentó tardíamente el 6 de mayo de 2025.

El 27 de junio de 2025, los apelantes presentaron una *Oposición a Solicitud de Desestimación,* en la que plantearon que el término para apelar debía computarse desde el archivo y notificación del auto de la *Sentencia,* no desde que se dictó en corte abierta. Adujeron que, si bien la Regla 193 de Procedimiento Criminal, *supra,* R. 193, establecía que el término para apelar comenzaba desde el día en que se dictó sentencia en corte, ello presuponía que al sentenciado se le advirtió sobre su derecho a apelar. Sostuvieron que dicha advertencia no ocurrió en corte abierta, sino que el 8 de abril de 2025 se les notificó por primera vez su derecho. Alegaron que el Formulario OAT 1812 generó confusión para la persona que estuvo presente cuando se le dictó sentencia y que se le informó su derecho a apelar posteriormente. Indicaron que eran determinaciones conflictivas que debían resolverse a su favor en atención a su debido proceso de ley.

En atención a lo anterior, el 10 de julio de 2025, emitimos una *Resolución* en la que ordenamos al TPI remitir el audio de la *Vista de Lectura de Sentencia* celebrada el 26 de marzo de 2025. En cumplimiento con nuestra orden, el 15 de julio de 2025, la

coordinadora alterna de grabación de la Región Judicial de Bayamón nos cursó la regrabación de dicha vista.

Por las razones que expondremos a continuación, adelantamos la desestimación de este recurso por presentarse tardíamente.

**I.**

**A. Jurisdicción**

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 386. Por ello, un foro judicial tiene la responsabilidad indelegable de examinar, en primera instancia, el aspecto jurisdiccional de toda situación jurídica presentada ante sí. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, un ente adjudicativo carece de discreción para asumir jurisdicción donde no la hay ni una parte puede conferírsela voluntariamente. *Íd.*

La falta de jurisdicción no puede ser subsanada y conlleva la nulidad del dictamen emitido. *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 386. En tal sentido, una sentencia emitida sin jurisdicción es nula en derecho y, consecuentemente, inexistente. *Íd.*

Cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede así declararlo y desestimar inmediatamente el recurso, sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles*, *supra*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). A tenor con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83,

autoriza que este Tribunal, a iniciativa propia o a petición de parte, desestime un recurso por falta de jurisdicción.

### B. Términos para presentar una apelación criminal

La Regla 193 de Procedimiento Criminal, *supra*, R. 193, establece que las sentencias finales en los casos criminales podrán ser apeladas ante este Tribunal de Apelaciones, excepto en los casos de una convicción por alegación de culpabilidad.

Por su parte, la Regla 194 de Procedimiento Criminal, *supra*, R. 194, le concede a la persona sentenciada un término de treinta (30) días a partir de la fecha en que se dictó sentencia para presentar un recurso de apelación. Esta regla dispone lo siguiente:

> **La apelación se formalizará presentando un escrito de apelación en la secretaría de la sala del Tribunal de Primera Instancia que dictó la sentencia o en la secretaría del Tribunal de Circuito de Apelaciones, dentro de los treinta (30) días siguientes a la fecha en la que la sentencia fue dictada**
>
> [...]
>
> **El término para formalizar la apelación se calculará a partir del depósito en el correo cuando esta sea distinta a la fecha de archivo de autos de copia de la notificación de:**
>
> (a) la sentencia cuando la persona no estuviera presente al momento de ser dictada;
>
> (b) la orden denegando la moción de nuevo juicio solicitada al amparo de las Reglas 188 (e) y 192;
>
> (c) la resolución del tribunal adjudicando la moción de reconsideración.
>
> **Cuando la persona estuviese presente en la sala al momento de ser dictada la sentencia o resolución, el término se calculará a partir de ese momento.** [...] (Énfasis nuestro).

Es decir, si la persona estuvo en sala al momento de dictarse sentencia, el término para acudir en apelación comienza a decursar a partir de ese momento. *Íd.*; *Pueblo v. Rivera Ortiz*, 209 DPR 402 (2022). Al respecto, el Tribunal Supremo de Puerto Rico expresó que "sabido es que en los procedimientos de adultos el término para apelar una sentencia **comienza a contarse a partir de la fecha en**

**que la misma fue dictada en corte abierta**". *Pueblo en interés menor JMR*, 147 DPR 65 (1998) (Énfasis nuestro).

Por otra parte, la Regla 23 (A) del Reglamento del Tribunal de Apelaciones, *supra*, R. 23 (A), establece que "[l]a apelación de cualquier sentencia final, dictada en un caso criminal originado en el Tribunal de Primera Instancia **se presentará dentro del término de treinta días siguientes a la fecha en la que la sentencia haya sido dictada. Este término es jurisdiccional [...]"** (Énfasis nuestro). Es menester destacar que:

> Por definición, un requisito jurisdiccional es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito. **En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortarse ni extenderse.** Asimismo, hemos expresado que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia.

> Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". [...] *Ruiz Camilo v. Trafón Group, Inc.*, 200 DPR 254, 268-269 (2018) (Énfasis nuestro).

## II.

En el presente caso, la controversia principal radica en determinar si este Tribunal de Apelaciones ostenta jurisdicción para atender el recurso presentado por los señores Laracuente Pizarro y Guerra Centeno en sus méritos o si el mismo se presentó fuera del término jurisdiccional dispuesto por las reglas procesales aplicables.

Tras un análisis sosegado del expediente ante nuestra consideración, concluimos que este Foro Apelativo carece de jurisdicción para atender el recurso. De conformidad con la Regla 194 de Procedimiento Criminal, *supra*, R. 194, y la Regla 23 (A) del Reglamento del Tribunal de Apelaciones, *supra*, R. 23 (A), el término jurisdiccional para presentar un recurso de apelación criminal es de treinta (30) días contados a partir de la fecha en que se dictó la sentencia, cuando la parte apelante estuvo presente en sala. El

cumplimiento con un término jurisdiccional es fatal, improrrogable e insubsanable. Por lo tanto, la presentación tardía de un recurso priva a este Tribunal de jurisdicción para considerar el asunto.

En este caso, los señores Laracuente Pizarro y Guerra Centeno estuvieron presentes en sala el 26 de marzo de 2025, cuando el TPI dictó la *Sentencia* en corte abierta, acompañados de sus respectivos abogados. De la regrabación de dicho acto surgió que la jueza indicó que una vez dictada sentencia, se podía proceder con la solicitud de reconsideración, apelación o cualquier otro procedimiento. También, en esa vista uno de los representantes legales efectuó manifestaciones relativas a que se encontraba en posición de sentarse "a escribir el correspondiente recurso."

Así las cosas, conforme a la normativa jurídica aplicable, el término para apelar comenzó a decursar el 26 de marzo de 2025 y venció el 25 de abril de 2025. Sin embargo, los apelantes presentaron su recurso de apelación el 6 de mayo de 2025, once (11) días después de vencer el término jurisdiccional. Por ello, este recurso se presentó tardíamente, en incumplimiento del fatal e improrrogable término jurisdiccional. Ante tal tardanza, este recurso adolece del grave e insubsanable defecto de privar a este Tribunal de jurisdicción.

Los apelantes argumentaron que el término para apelar debía computarse desde la fecha de la notificación electrónica de la *Sentencia* ocurrida el 8 de abril de 2025 bajo el Formulario OAT 1812. Sin embargo, dicha notificación electrónica no surtió efecto alguno en interrumpir ni reiniciar el término para apelar ante este Tribunal. La Regla 194 de Procedimiento Criminal, *supra*, R. 194 y la Regla 23 (A) del Reglamento de este Tribunal, *supra*, R. 23 (A) disponen claramente que un recurso de apelación criminal se presentará dentro del término jurisdiccional de treinta (30) días desde la fecha en que se dictó sentencia cuando la parte sentenciada estuvo presente en sala. Además, en el propio Formulario OAT 1812

contenía un apercibimiento expreso sobre la obligación de cumplir con el término establecido por nuestro ordenamiento jurídico. A saber, en la notificación se dispone lo siguiente: "Se le advierte que al ser una parte o su representante legal en el caso sujeto a esta sentencia, usted puede presentar un recurso de apelación, revisión o certiorari, **de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento**". (Énfasis nuestro). Ello demuestra que no existe ambigüedad respecto a la fecha desde la cual se debía computar el término de apelación y que ante la claridad del lenguaje estatutario que rige el ordenamiento penal, resulta inaplicable la adopción de criterios adoptados para casos de naturaleza civil, ámbito que carece de una disposición específica como la citada Regla 194 de Procedimiento Criminal.

En consecuencia, nos resta declarar que carecemos de jurisdicción y desestimar este recurso, sin entrar en los méritos de la controversia planteada por los apelantes. Este Tribunal no tiene discreción para asumir jurisdicción, ya que cualquier acción tomada sobre este recurso en su fondo sería nula e ineficaz.

**III.**

Por los fundamentos que anteceden, se desestima el presente recurso de apelación criminal.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones