EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Angel L. Esquilín Aponte, et als.<br>        Recurrente<br><br>        v.<br><br>José Aponte de la Torre,<br>en su capacidad de Alcalde<br>del Municipio de Carolina,<br>Compañía Aseguradora A, B y C,<br>Ángel R. Martínez,<br>Director Departamento de<br>Obras Públicas, Delia Muñiz<br>Calderón, Directora Programa<br>de Salubridad, y Luis Díaz<br>Cuevas, Director de Oficina de<br>Recursos Humanos<br>        Recurridos | Certiorari<br><br>2000 TSPR 19 |

Número del Caso: CC-1999-0941

Fecha: 08/02/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VII

Panel Integrado por: Hon. Miranda de Hostos
                     Hon. Rivera Pérez
                     Hon. Rodríguez García

Abogados de la Parte Recurrente: Lcdo. Francisco A. Padilla

Abogados de la Parte Recurrida: Lcdo. Francisco Aponte Pérez

Materia: Discriminación en el Empleo

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

Angel L. Esquilín Aponte,                    *
*et als.*                    *
                         *
    Recurrente              *
                         *
        v.              *        CC-1999-941
José Aponte de la Torre,            *
en su capacidad de Alcalde           *
del Municipio de Carolina,           *
Compañía Aseguradora A, B y C,        *
Ángel R. Martínez,              *
Director Departamento de                *
Obras Públicas, Delia Muñiz          *
Calderón, Directora Programa   *
de Salubridad, y Luis Díaz           *
Cuevas, Director de Oficina de      *
Recursos Humanos              *
                         *
    Recurridos              *
*******************************

PER CURIAM
                         (Regla 50)


San Juan, Puerto Rico, a 8 de febrero de 2000.

El Sr. Ángel L. Esquilín Aponte (en adelante "el peticionario"), presentó recurso de apelación ante el Tribunal de Circuito de Apelaciones el 16 de agosto de 1999, solicitando que se dejara sin efecto una sentencia sumaria dictada el 2 de julio del mismo año por el Tribunal de Primera Instancia, Sala Superior de Carolina.[1] El foro apelativo emitió sentencia el 30 de septiembre de 1999 concluyendo que la apelación presentada ante ese foro carecía de un apéndice completo, ya que no contenía la notificación del archivo en autos de la sentencia apelada. Desestimó la apelación por falta de jurisdicción.

Oportunamente, el peticionario presentó moción de reconsideración aduciendo que la notificación del archivo en

autos de la sentencia sumaria dictada por el tribunal de instancia se encontraba en la página cincuenta y tres (53) del apéndice. El tribunal apelativo, no obstante, emitió resolución el 27 de octubre de 1999, copia de la cual fue archivada en autos el 9 de noviembre del mismo año, declarando no ha lugar la reconsideración.

Inconforme, el peticionario compareció ante nos mediante recurso de *certiorari*, solicitando que revoquemos la sentencia del tribunal apelativo; señala que ese foro erró al resolver que el recurso presentado no contenía copia de la notificación de la sentencia de instancia. Incluyó como apéndice el legajo en apelación que presentó ante el Tribunal de Circuito de Apelaciones.

Una vez examinado el recurso ante nos, así como su apéndice, expedimos el auto y procedemos a resolver sin trámite ulterior con la autoridad que nos confiere la Regla 50 del Reglamento de este Tribunal.

I

La Regla 54.4 de Procedimiento Civil, 32 L.P.R.A. Ap.III, según enmendada, dispone que:

> (a) Todo escrito de apelación y toda solicitud de *certiorari* incluirá un apéndice. Ese apéndice, junto al apéndice del alegato de la parte apelada o recurrida, será el legajo en apelación o *certiorari* ante el Tribunal de Circuito de Apelaciones, salvo que el tribunal ordene que se prescinda de éste y se eleve el expediente original.
>
> ....

Por otro lado, la Regla 16(E)(1)(a) del Reglamento del Tribunal de Circuito de Apelaciones, según enmendado, 4 L.P.R.A. Ap.XXII-AR, impone la obligación de incluir en el apéndice del escrito de apelación una copia literal de la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y **la**

---

[1] La sentencia del Tribunal de Primera Instancia fue archivada en autos el 16 de julio de 1999.

**notificación del archivo en autos de copia de la misma.** Este requisito es de carácter jurisdiccional, ya que la notificación del archivo en autos es necesaria para determinar si la parte presentó dentro del término jurisdiccional de treinta (30) días su escrito de apelación. Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap.III. En ausencia de este importante documento, el Tribunal de Circuito de Apelaciones carece de jurisdicción para atender la apelación en los méritos.

## II

En el presente caso, el peticionario, mediante moción de reconsideración oportunamente presentada ante el tribunal apelativo, destacó que la notificación de la sentencia se encontraba en la página cincuenta y tres (53) del apéndice, y que así lo indicaba el índice del mismo. Le solicitó al foro *a quo* que reconsiderara la desestimación de la apelación, ya que se habían incluido en el apéndice todos los documentos que acreditaban fehacientemente la jurisdicción de ese tribunal. No obstante, el Tribunal de Circuito de Apelaciones se negó a reconsiderar.

En el recurso ante nos, el peticionario nos incluye el legajo en apelación en el cual se encuentra –en la página cincuenta y tres (53) del apéndice– la notificación del archivo en autos de la copia de la sentencia del Tribunal de Primera Instancia. Siendo ese el caso, el tribunal apelativo estaba obligado a reconsiderar. Al no hacerlo, incurrió en un error craso.

Es entendible que el Tribunal de Circuito de Apelaciones, por el cúmulo de trabajo que tiene ante sí, pueda errar en alguna de sus determinaciones. Sin embargo, lo que no podemos entender ni mucho menos justificar, es que si oportunamente se le presentan a dicho foro los fundamentos por los cuales se entiende ha errado, y siendo tan patente y obvio el error, dicho tribunal

se obstine y mantenga su determinación original. El Tribunal de Circuito de Apelaciones está obligado, si se cumplen todos los requisitos que confieren jurisdicción a ese tribunal, a atender una **apelación** y resolverla en los méritos y de forma fundamentada. *Feliberty Padró v. Pizarro Rohena,* res. el 24 de marzo de 1999, 99 T.S.P.R. 32, 99 J.T.S. 36; *Sociedad Legal de Gananciales* v. *García Robles*, res. el 23 de enero de 1997, 142 D.P.R. __ (1997), 97 J.T.S. 7.

Por los fundamentos expuestos con anterioridad, resolvemos que ciertamente, el peticionario cumplió cabalmente con las Reglas de Procedimiento Civil y con el Reglamento del Tribunal de Circuito de Apelaciones. Por lo tanto, el tribunal apelativo adquirió jurisdicción sobre la apelación presentada. En consecuencia, se expide el auto, se revoca la sentencia emitida por el Tribunal de Circuito de Apelaciones el 30 de septiembre de 1999, y se devuelve el caso al foro apelativo para que resuelva en los méritos la apelación presentada por el peticionario.

Se dictará la sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Angel L. Esquilín Aponte,                    *
et als.                      *
                        *
    Recurrente              *
                          *
        v.              *        CC-1999-941
José Aponte de la Torre,              *
en su capacidad de Alcalde            *
del Municipio de Carolina,            *
Compañía Aseguradora A, B y C,        *
Ángel R. Martínez,              *
Director Departamento de                  *
Obras Públicas, Delia Muñiz           *
Calderón, Directora Programa  *
de Salubridad, y Luis Díaz            *
Cuevas, Director de Oficina de        *
Recursos Humanos              *
                        *
    Recurridos              *
*******************************

SENTENCIA

San Juan, Puerto Rico, a 8 de febrero de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se expide el auto, se revoca la sentencia del Tribunal de Circuito de Apelaciones de 30 de septiembre de 1999, y se devuelve el caso al foro apelativo para que resuelva en los méritos la apelación presentada por el Sr. Ángel L. Esquilín Aponte.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López y la Juez Asociada señora Naveira de Rodón concurren con el resultado sin opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo