EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Alejandro Torres García<br>        Demandante-Apelado<br><br>        v.<br><br>Ana Toledo López<br>        Demandada-Apelante | Apelación<br><br>2000 TSPR 187 |
| --- | --- |

Número del Caso: AC-1999-31

Fecha: 15/diciembre/2000

Tribunal de Circuito de Apelaciones:

                                Circuito Regional III

Juez Ponente:

                                Hon. Efraín E. Rivera Pérez

Abogado de la Parte Demandante-Apelada:

                                Lcdo. Pablo Cabrera Rivera

Abogado de la Parte Demandada-Apelante:

                                Lcdo. Alberto De Diego Collar

Materia: Cobro de Dinero

        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correcciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

2

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Alejandro Torres García

    Demandante-Apelado

       vs.

Ana Toledo López          AC-1999-31

    Demandada-Apelante

SENTENCIA

San Juan, Puerto Rico, a 15 de diciembre de 2000.

I

El señor Alejandro Torres García presentó una demanda en cobro de dinero contra la señora Ana Toledo López por ésta, alegadamente, deberle unas sumas de dinero como consecuencia de la construcción de un edificio. A su vez, Toledo López contestó la demanda y reconvino.

El Tribunal de Primera Instancia, mediante sentencia de 20 de junio de 1997,[1] ordenó a Toledo López a pagar los balances pendientes y dispuso que Torres García costeara las reparaciones necesarias para arreglar unos defectos y para que el edificio cumpla con las disposiciones reglamentarias. Tras acoger algunas determinaciones de hecho sugeridas por Toledo López, el Tribunal de Primera Instancia, el 19 de septiembre de 1997, denegó la moción de reconsideración sometida por ésta.

En vista de ello, Toledo López acudió en apelación ante el Tribunal de Circuito de Apelaciones. Luego de múltiples trámites procesales, el 16 de abril de 1999, el foro apelativo dictó sentencia desestimando el recurso

---

[1] Esta sentencia fue notificada el 24 de julio de 1997.

de apelación por falta de jurisdicción. Dicho tribunal se fundamentó en que Toledo López no incluyó, como parte del apéndice del recurso, copia de los siguientes: (1) la demanda; (2) la contestación a la demanda; (3) la reconvención; y (4) la contestación a la reconvención. Oportunamente, Toledo López sometió reconsideración, la cual fue denegada.

## II

Inconforme, Toledo López recurrió ante nos amparándose en la Regla 18(b)(1) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, la cual trata sobre la presentación de un de recurso de apelación cuando hay conflicto entre decisiones del Tribunal de Circuito de Apelaciones. Tras evaluar los planteamientos y acoger el recurso como uno de apelación, debido a la situación de empate, se confirma la sentencia recurrida.

Lo pronuncia, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río emite Opinión Concurrente a la cual se unen los Jueces Asociados señores Rebollo López y Hernández Denton. La Juez Asociada señora Naveira de Rodón emite una Opinión Disidente a la cual se unen el Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri. El Juez Asociado señor Rivera Pérez está inhibido.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Alejandro Torres García

     Demandante-Apelado

        vs.

Ana Toledo López                AC-1999-31

     Demandada-Apelante


Opinión Concurrente emitida por el Juez Asociado señor Corrada del Río a la cual se unen los Jueces Asociados señores Rebollo López y Hernández Denton


San Juan, Puerto Rico, a 15 de diciembre de 2000.

     Un tribunal que carece de jurisdicción sólo tiene jurisdicción para señalar que no la tiene.

Reiteramos hoy el principio de que un recurso apelativo de término jurisdiccional tiene que presentarse en su totalidad –incluyendo un apéndice completo– dentro de dicho término. De lo contrario, al carecer de jurisdicción, los tribunales apelativos no entrarán en los méritos de la controversia.

I

El Sr. Alejandro Torres García incoó demanda en cobro de dinero contra la Sra. Ana

Toledo López (en adelante la demandada, aquí apelante). En esencia, el Sr. Torres García adujo que la demandada le adeudaba una suma por concepto de balances pendientes de pago, debido a la construcción de un edificio y a los cambios de órdenes durante la construcción.

Por otra parte, la demandada contestó y, a su vez, reconvino. En esencia, alegó que el edificio adolecía de vicios de construcción, que se usaron materiales de inferior calidad a lo pactado, que sufrió pérdida de dinero por concepto de rentas dejadas de percibir, y que no era responsable de los cambios de órdenes.

Así las cosas, el Tribunal de Primera Instancia sentenció a la demandada al pago de los balances pendientes. Por otro lado, condenó al Sr. Torres García a cubrir el costo de las reparaciones necesarias para arreglar unos defectos y para lograr que el edificio cumpliese con los códigos reglamentarios.

Tras varios trámites procesales,[2] inconforme con dicha sentencia, el 1 de octubre de 1997, la demandada presentó recurso de apelación ante el Tribunal de Circuito de Apelaciones (en adelante el TCA). Luego de varias prórrogas para someter la exposición estipulada de la prueba y de la presentación de la misma, el 16 de abril de 1999, el TCA *motu proprio* desestimó el recurso presentado por falta de jurisdicción al amparo de la Regla 54.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III (Supl. 1999),[3] y de la Regla 16(E)(1) del Reglamento del TCA, 4 L.P.R.A. Ap. XXII-A.[4] Ello debido a que no se incluyeron en el apéndice del recurso algunos documentos, a saber: (1) la demanda; (2) la contestación a la demanda; (3) la reconvención; y (4) la contestación a la reconvención.[5]

---

[2] La demandada presentó moción solicitando determinaciones adicionales de hechos, la cual fue acogida parcialmente. Así también, dentro del término establecido, sometió moción de reconsideración. Posteriormente, dicha moción fue denegada.

[3] La Regla 54.4 de Procedimiento Civil, *supra*, dispone lo siguiente:

(a) Todo escrito de apelación y toda solicitud de *certiorari* **incluirá un apéndice. Ese apéndice, junto al apéndice del alegato de la parte apelada o recurrida, será el legajo en apelación o *certiorari* ante el Tribunal de Circuito de Apelaciones, salvo que el tribunal ordene que se prescinda de éste y se eleve el expediente original.**

(b) Los siguientes documentos formarán parte del apéndice del escrito inicial de apelación o *certiorari*:

(1) **[l]a demanda y la contestación**.... (Énfasis nuestro.)

[4] En lo pertinente, la Regla 16(E)(1) del Reglamento del TCA, *supra*, prescribe que el apéndice del escrito de apelación incluirá una copia literal de:

(a) [l]as alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones....

(b)

[5] La sentencia fue notificada el 21 de abril de 1999.

Oportunamente, el 30 de abril de 1999, la demandada sometió moción de reconsideración. Fundó su contención en que otros paneles del TCA, ante la misma situación, habían entrado a considerar los méritos de las controversias presentadas.[6] El 20 de mayo de 1999 el TCA declaró no ha lugar la moción de reconsideración.

Ante esta situación, la demandada recurrió ante nos mediante recurso de apelación, al amparo de la Regla 18(b)(1) de nuestro Reglamento.[7] Adujo como error:

> [e]rró el Panel de Arecibo-Utuado del Honorable Tribunal de Circuito de Apelaciones al desestimar con perjuicio la apelación de epígrafe sustentándose en la teoría de que carece de jurisdicción porque el apelante no incluyó en su apéndice copia de la demanda y contestación en acorde con la Regla 16(E)(1) de su reglamento cuando otros paneles bajo los mismos hechos han resuelto que dicha deficiencia no es jurisdiccional.

En síntesis, alegó que la "interpretación desigual del mismo reglamento tiene como resultado la aplicación desigual de casos similares: algunos se desestiman con perjuicio por alegada falta de jurisdicción, mientras que en otros se aborda su aspecto sustantivo reconocible y se resuelve en los méritos."[8] Por lo cual, para acreditar el cumplimiento con los requisitos del recurso de apelación establecidos en la Regla 18 de nuestro Reglamento, *supra*, la demandada presentó varios casos de diferentes paneles del TCA, en los cuales el panel correspondiente entró en los méritos a pesar de no incluirse los documentos necesarios. Veamos.

---

[6] El Panel del Circuito Regional III de Arecibo y Utuado atendió el recurso desestimado.

[7] La Regla 18(b)(1) del Reglamento de este Tribunal dispone:

> (b) *Conflicto entre decisiones previas del Tribunal de Circuito de Apelaciones.-*
>
> (1) Además de lo requerido en la Regla 17 de este [a]péndice, cuando el apelante plantee en su escrito de apelación la existencia de un conflicto sustancial entre decisiones previas del Tribunal de Circuito de Apelaciones, deberá incorporar a su escrito un resumen de los hechos y de los fundamentos de las decisiones que alega están en conflicto. Además, deberá establecer en forma clara y concisa la semejanza entre el caso apelado y el caso, o los casos, que alega están en conflicto, y especificar en qué consiste el mismo. También deberá incluir en el apéndice de su escrito copia de las decisiones previas del Tribunal de Circuito de Apelaciones que alega están en conflicto. (Bastardillas en el original.) 4 L.P.R.A. Ap. XXI-A (Supl. 1999).

A través de dicha regla, aplicamos lo dispuesto por el Art. 3.002(c) de la Ley de la Judicatura de 1994, según enmendada, 4 L.P.R.A. sec. 22 *et seq.* (Supl. 1999), que establece que:

> [e]l Tribunal Supremo o cada una de sus Salas conocerán de los siguientes asuntos:
> . . . . . . . .
> (c) [m]ediante recurso de apelación, cuando se plantee la existencia de un conflicto entre sentencias del Tribunal de Circuito de Apelaciones en casos civiles apelados ante este Tribunal. 4 L.P.R.A. sec. 22i (Supl. 1999).

[8] Recurso de apelación, pág. 7.

En *Serrano Hernández v. Departamento de Justicia*, KLAN-9800497, el Panel del Circuito Regional VII de Carolina-Fajardo, en vez de desestimar la apelación porque el apelante no incluyó las alegaciones de la demanda, confirmó una sentencia del tribunal de instancia luego de pasar juicio sobre los méritos de la controversia. En la sentencia, el Panel indicó: "[n]o hacemos referencia a las alegaciones de la demanda por razón de que el apelante no las incluyó en el Apéndice, según lo requiere la Regla 16(E)(1)(a) del Reglamento, supra."(Escolio omitido.)[9] Sobre el particular, en la nota al calce omitida, el Panel expresó: "[e]ntendemos que se trata de un incumplimiento craso de un requisito importante del proceso y que [,] por lo tanto [,] podría considerarse como razón suficiente para desestimar el recurso conforme a la Regla 83 del Reglamento, supra. **No obstante, atendida la naturaleza del asunto preferimos abordar su aspecto sustantivo reconocible.**" (Énfasis nuestro.)[10]

Mientras que, en *Rivera Román v. Industrias Avícolas*, KLAN-9700471, el Panel del Circuito Regional V de Ponce-Aibonito, en la nota al calce núm. 1, expresó:

> [l]a querellada no presentó en el apéndice de su recurso la querella incoada en su contra ni su contestación a la misma, omisión que constituye incumplimiento con la Regla 16 E (1) del Reglamento de este Foro en vigor desde el 1 de mayo de 1996. **Debido a dicho incumplimiento, debemos aceptar la percepción del tribunal en cuanto a los términos en que fue redactada la querella y la contestación.** (Énfasis nuestro.)[11]

Por otra parte, el Panel del Circuito Regional II de Bayamón, en *Ramos Sierra v. Municipio de Guaynabo*, KLAN-9800910, resolvió los méritos de la controversia sin tomar en consideración que los apelantes habían incumplido con el reglamento. No obstante, en el último párrafo de la sentencia, justo antes de la parte dispositiva, el Panel manifestó:

> ... y como una coletilla, no podemos dejar de mencionar la obligación impuesta a los apelantes por la Regla 16 (E)(1) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 16 (Supl. 1998), en el sentido de que se debe incluir copia de todas las alegaciones responsivas en el apéndice del escrito de apelación. En el caso de autos, **no se incluyó como parte del apéndice copia de las contestaciones a la demanda presentadas por el Comisionado y el Municipio.**(Énfasis nuestro.)[12]

En adición, la demandada incluyó varios casos, también resueltos por el TCA, en los cuales se obviaron requisitos similares. Sin embargo, dichos casos, con excepción de uno, llegaron a la consideración del TCA mediante recurso de *certiorari*.[13]

---

[9] Apéndice del recurso de apelación, Exhibit 23, pág. 134.

[10] *Íd.*

[11] Apéndice del recurso de apelación, Exhibit 24, pág. 140.
[12] Apéndice del recurso de apelación, Exhibit 25, pág. 157.

[13] Cabe señalar que, el caso *Capó Bristol y otros v. Torres Santiago y otros*, KLAN-9801388, advertido por la demandada, fue desestimado originalmente mediante resolución por: (1) no surgir del escrito de apelación el envío de la notificación al abogado de la parte opositora; (2) no incluir la contestación a la demanda; y (3) no hacer el señalamiento breve y conciso de los errores alegados.

Así las cosas, la abogada del apelante presentó reconsideración aduciendo, entre otras cosas, que el término era de cumplimiento estricto y que, por

El 27 de agosto de 1999 acogimos el presente recurso de apelación. Por lo que, con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

II

La controversia ante nos se reduce a lo siguiente: ¿priva de jurisdicción a un tribunal la presentación de un recurso de apelación con un apéndice incompleto?

De entrada, es menester resaltar que nuestro ordenamiento jurídico es uno de carácter rogado. *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486, 511 (1990). Es decir, las partes que solicitan el remedio tienen que poner a los tribunales en condiciones para resolver las controversias. *Pérez, Ex parte v. Depto. de la Familia*, res. el 17 de febrero de 1999, 99 TSPR 17, 147 D.P.R. ___ (1999), 99 JTS 15, pág. 581. Lo antes expresado conlleva "la presentación oportuna de los diferentes recursos de **apelación**, *certiorari* o revisión." (Énfasis nuestro y bastardillas en el original.) *Íd.*[14] Ante lo cual, es esencial que los mismos se perfeccionen conforme a la ley y a los correspondientes reglamentos. *Íd.*[15]

Cabe señalar que, contrario a los recursos discrecionales, ante un recurso de apelación, el TCA tiene la obligación de atenderlo y resolverlo en los méritos "de forma fundamentada" siempre y cuando tenga jurisdicción y se cumplan los requisitos para el perfeccionamiento del recurso. *Esquilín v. Alcalde Mun. de Carolina*, res. el 8 de febrero de 2000, 2000 TSPR 19, 150 D.P.R. ___ (2000), 2000 JTS 38, pág. 707; *Soc. de Gananciales v. García Robles*, res. el 23 de enero de 1997, 142 D.P.R. ___ (1997), 97 JTS 7, pág. 509. Véase también, *Feliberty v. Soc. de Gananciales*, res. el 24 de marzo de 1999, 99 TSPR 32, 147 D.P.R. ___ (1999), 99 JTS 36, pág. 770.

Un recurso de apelación contra una sentencia civil dictada por el Tribunal de Primera Instancia tiene que ser presentado ante el TCA dentro del término **jurisdiccional** de treinta (30) días computados a partir del archivo en autos de copia de la notificación de la sentencia. Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III (Supl. 1999); Regla 13(A) del Reglamento del TCA, 4 L.P.R.A. Ap. XXII-A. Dicho recurso tiene que venir acompañado de un apéndice. Regla 54.4 de Procedimiento Civil, *supra*; Regla 16(E) del Reglamento del TCA, *supra*.

Referente a la importancia del apéndice en las apelaciones civiles, recientemente, señalamos que "el Reglamento visualiza el [a]péndice como la recopilación documental (copia literal), de los escritos acumulados durante el trámite en el Tribunal de Primera Instancia, esto es copia sustitutiva de los autos originales." *Codesi, Inc. v. Mun. de Canóvanas*, res.

---

inadvertencia, utilizó el Reglamento de 1995. Ante lo cual, el TCA acogió la reconsideración; y, mediante resolución, dejó sin efecto la resolución anterior y dispuso la reinstalación del recurso.

[14] Respecto a un recurso de *certiorari*, en *Maldonado v. Pichardo*, 104 D.P.R. 778, 783 (1976), indicamos que el peticionario no nos había puesto en condiciones de entrar en los méritos ya que "[n]o acompañ[ó] con su petición ni una sola de las alegaciones que tuvo ante sí el tribunal a quo...."

[15] La Regla 52.1 de Procedimiento Civil preceptúa que "[t]odo procedimiento de apelación, *certiorari* y certificación se tramitará de acuerdo con la ley

el 24 de marzo de 2000, 2000 TSPR 48, 150 D.P.R. ___ (2000), 2000 JTS 61, pág. 883. Por último, expresamos que "[s]u importancia es tal, que mediante el mismo el Tribunal de Circuito oportunamente adjudica la apelación." *Íd.*

Conforme a la Regla 54.4 de Procedimiento Civil, *supra*, y a la Regla 16(E) del Reglamento del TCA, *supra*, dicho apéndice tiene que incluir, entre otras cosas, todas las alegaciones de las partes.[16] Por lo que, para que el TCA pueda cumplir cabalmente con su función adjudicativa, el apéndice en su totalidad –como parte integral del recurso de apelación– tiene que ser presentado dentro del término jurisdiccional de treinta (30) días. *Codesi, Inc. v. Mun. de Canóvanas*, supra. Véase, *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 D.P.R. 428 (1984).[17]

Ahora bien, a diferencia de un término de cumplimiento estricto, un "término jurisdiccional es **fatal, improrrogable e insubsanable**, rasgos que explican porqué no puede acortarse, como tampoco es susceptible de extenderse." (Énfasis en el original.) *Jorge E. Martínez, Inc. v. Abijoe Realty Corp.*, res. el 12 de mayo de 2000, 2000 TSPR 73, 151 D.P.R. ___ (2000), 2000 JTS 85, pág. 1124.[18] Los tribunales no pueden ser flexibles en el perfeccionamiento de los recursos si el término es uno jurisdiccional. *Soc. de Gananciales v. García Robles*, supra, pág. 511. A pesar del principio cardinal de que los tribunales, en lo posible, atiendan los méritos de la controversia, de no completarse el trámite dentro del término jurisdiccional, los tribunales carecen de jurisdicción [sobre la materia] para entrar en los méritos. *Ghigliotti v. A.S.A.*, res. el 30 de diciembre de 1999, 99 TSPR 189, 149 D.P.R. ___ (1999), 2000 JTS 13, pág. 500; *Pueblo en interés del menor J.M.R.*, res. el 12 de noviembre de 1998, 98 TSPR 151, 147 D.P.R. ___ (1998), 98 JTS 146, pág. 278. Véase también, Hernández Colón, *op. cit.*, pág. 155.

Por otra parte, un término de cumplimiento estricto puede ser prorrogado. No obstante, los tribunales sólo tienen discreción para extender el plazo si

---

aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico." (Bastardillas en el original.) 32 L.P.R.A. Ap. III (Supl. 1999).

[16] Véase, Regla 5.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

[17] Allí, respecto al antiguo recurso de revisión, expresamos que el mismo "sólo estuvo completo al incluirse el apéndice requerido por el Reglamento...." *Íd.*, pág. 429.

[18] Los términos jurisdiccionales o fatales se denominan así "porque transcurren inexorablemente, no importa las consecuencias procesales que su expiración prorrogue." R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Michie de P.R., 1997, sec. 1804, pág. 154.

existe y se demuestra justa causa para el incumplimiento. *Córdova Ramos v. Larín Herrera*, res. el 2 de junio de 2000, 2000 TSPR 79, 151 D.P.R. ___ (2000), 2000 JTS 92, pág. 1224; *Rojas v. Axtmayer Ent., Inc.*, res. el 21 de marzo de 2000, 2000 TSPR 46, 150 D.P.R. ___ (2000), 2000 JTS 59, pág. 867. Sin embargo, ello no implica que un término de cumplimiento estricto sea carta blanca para que deliberada e injustificadamente se incumpla con el mismo.[19]

De lo antes expresado, es claro que uno de los requisitos para que un recurso de apelación se entienda perfeccionado es que el mismo tiene que ser presentado dentro del término **jurisdiccional** de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia. Dicho recurso de apelación tiene que ser acompañado de un apéndice completo –es decir, que incluya los documentos requeridos por las Reglas de Procedimiento Civil y los reglamentos correspondientes.

De presentarse un recurso de apelación con un apéndice incompleto y no subsanarse dicha falta dentro del término jurisdiccional, el tribunal no tiene jurisdicción sobre la materia por no haberse perfeccionado en tiempo. Un tribunal que carece de jurisdicción sólo tiene jurisdicción para señalar que no la tiene. *Rodríguez v. Syntex P.R., Inc.*, res. el 21 de junio de 1999, 99 TSPR 97, 148 D.P.R. ___ (1999), 99 JTS 99, pág. 1200; *Pagán v. Alcalde Mun. de Cataño*, res. el 30 de mayo de 1997, 143 D.P.R. ___ (1997), 97 JTS 76, pág. 1083; *González Santos v. Bourns P.R., Inc.*, 125 D.P.R. 48, 63 (1989). Esto es así porque un tribunal no tiene *"discreción para asumir jurisdicción donde no la hay."* (Bastardillas en el original.) *López v. J. Gus Lallande*, res. el 4 de febrero de 1998, 98 TSPR 8, 144 D.P.R. ___ (1998), 98 JTS 9, pág. 527; *Aponte v. Policía de P.R.*, res. el 5 de diciembre de 1996, 142 D.P.R. ___ (1996), 96 JTS 157, pág. 384; *Martínez v. Junta de Planificación*, 109 D.P.R. 839, 842 (1980).

La Regla 53.1 de Procedimiento Civil, en su inciso (l), dispone que un tribunal apelativo puede, *motu proprio* o a solicitud de parte, desestimar un recurso por cualquiera de las siguientes razones, a saber: (1) que el tribunal apelativo carezca de jurisdicción; (2) que el recurso no se haya perfeccionado conforme a la ley y reglas aplicables; (3) que el recurso no haya "sido proseguido con la debida diligencia[;]" o, (4) que el recurso es uno "claramente

---

[19] Hemos señalado que las reglas concernientes a los recursos a presentarse ante los tribunales apelativos "deben observarse rigurosamente" ya que no queda a la voluntad de los abogados el decidir qué reglas seguir y cuando. *Rojas v.Axtmayer Ent., Inc.*, supra; *Arriaga v. F.S.E.*, res. el 18 de marzo de 1998, 98 TSPR 27, 145 D.P.R. ___ (1998), 98 JTS 28, págs. 687-688.

frívolo" o se haya presentado con el propósito de dilatar los procedimientos. 32 L.P.R.A. Ap. III (Supl. 1999).[20]

### III

En el caso ante nos, la demandada reconoce que no incluyó copia de la demanda, así como de la correspondiente contestación, en el apéndice del recurso de apelación. Como agravante de la situación, transcurrió el plazo sin que la demandada subsanara dicho defecto. Ante lo cual, el TCA actuó correctamente al desestimar el recurso ya que al no perfeccionarse el recurso dentro del término **jurisdiccional**, conforme a las Reglas de Procedimiento Civil, *supra*, y al Reglamento del TCA, *supra*, no tenía jurisdicción para atender el mismo. **La presentación de un recurso de apelación tiene que llevarse a cabo dentro del término jurisdiccional. Esto incluye la presentación conjunta de un apéndice con todos los documentos requeridos por las reglas y reglamentos correspondientes. De incumplirse con lo aquí dispuesto, el tribunal carece de jurisdicción, a menos que el apelante subsane el defecto dentro del término jurisdiccional.**

De otra parte, no nos persuade el argumento de la demandada –de que el defecto quedó subsanado al incluir la parte contraria, en el apéndice de su escrito de oposición a la apelación, copia de la contestación a la demanda y reconvención y al presentar el Informe sobre Conferencia con Antelación a Juicio– ya que corresponde a la parte que solicita la intervención de un tribunal apelativo ponerlo en condiciones de atender las controversias ante sí. El mero hecho de que los documentos necesarios consten en otro escrito no corrige ni restablece la jurisdicción. No se puede dejar el perfeccionamiento de un recurso a la eventualidad de que la parte opositora presente un escrito de oposición, si es que lo presenta.

Ciertamente, entendemos que, debido al volumen significativo de casos presentados, la Secretaria del TCA, al velar que los escritos presentados cumplan con las disposiciones reglamentarias y notificar cualquier inobservancia de las mismas –Regla 5(B) del Reglamento del TCA, *supra*–, no advierta algún incumplimiento al momento de la presentación. No obstante, no hay razón justificada para que el TCA note un claro incumplimiento con su propio reglamento, luego de transcurrir más de 18 meses y la presentación de varias mociones y la exposición estipulada de la prueba.

Por lo que a pesar de desestimar correctamente el recurso, el TCA actuó con una dejadez, al incurrir en una demora irrazonable y no percatarse del craso incumplimiento con su reglamento, contraria a los mejores fines de la justicia. El TCA debió revisar, oportunamente, el recurso presentado, a los fines de velar por su jurisdicción. *Pueblo en interés del menor J.M.R.,* supra, pág. 279; *Soc. de Gananciales v. A.F.F.,* 108 D.P.R. 644, 645 (1978). Esto es así ya que, por ser privilegiadas, las cuestiones jurisdiccionales deben ser resueltas "con preferencia cualesquiera otras." *Arriaga v. F.S.E.,* supra, pág. 686; *Pagán v. Alcalde Mun. de Cataño,* supra; *Autoridad Sobre Hogares v. Sagastivelza,* 71 D.P.R. 436, 439 (1950).

---

[20] La Regla 83 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A.

AC-1999-31

En vista de lo anterior, concurrimos con la sentencia confirmatoria del dictamen del Tribunal de Circuito de Apelaciones, el cual desestimó el recurso de apelación presentado por la Sra. Toledo López por carecer de jurisdicción.

BALTASAR CORRADA DEL RÍO
JUEZ ASOCIADO

Ap. XXII-A, contiene un lenguaje similar.

AC-1999-31

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Alejandro Torres García

    Demandante-apelado

AC-1999-31

    v.

Ana Toledo López

    Demandante-apelante


Opinión Disidente emitida por la Juez Asociada señora NAVEIRA DE RODÓN a la cual se une el Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri.


San Juan, Puerto Rico, a 15 de diciembre de 2000


El caso ante nuestra consideración refleja una situación que mina la fe y confianza del Pueblo en nuestro sistema judicial. Al ciudadano promedio le es totalmente incomprensible la actuación del Tribunal de Circuito de Apelaciones (Tribunal de Circuito). La decisión de dicho tribunal revela cómo las normas procesales paulatinamente han ido transformándose y adquiriendo vida propia sin que haya base alguna que lo justifique. A los tribunales parece que se les ha olvidado que éstas

existen sólo para hacer viable la consecución de los derechos sustantivos.

Examinemos los hechos procesales que dieron lugar a la dantesca odisea apelativa atravesada por este caso.

El 20 de junio de 1997, el Tribunal de Primera Instancia, Sala Superior de Arecibo, emitió una sentencia en el caso de autos declarando con lugar la demanda. El 24 de julio de 1997 se archivó en autos copia de la notificación de la misma. Inconforme con dicha sentencia, la parte demandada presentó, el 1 de octubre de 1997, un escrito de apelación ante el Tribunal de Circuito.

Es en este momento donde comienza la odisea. Año y medio más tarde, luego de la radicación de aproximadamente diez (10) mociones por las partes, y que dicho tribunal emitiera unas ocho (8) resoluciones relacionadas con la presentación de la exposición narrativa de la prueba, el Tribunal de Circuito, motu proprio, desestimó el recurso por no haberse perfeccionado dentro del término dispuesto por ley. La falta de perfeccionamiento en tiempo la ocasionó el hecho de que la parte apelante no incluyó en el Apéndice del recurso los siguientes documentos: (a) la demanda; (b) la contestación a la demanda con la reconvención; y (c) la contestación a la reconvención. Regla 54.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Regla 16(E) del Reglamento del Tribunal de Circuito de Apelaciones. 4 L.P.R.A. Ap. XXII.

Cabe señalar que ninguno de estos documentos era necesario para entender y resolver los planteamientos de error levantados por la parte demandada apelante en su recurso.[21]

De lo antes relatado surge con meridiana claridad que el alegado incumplimiento de la parte demandada apelante, la omisión de tres (3) documentos en el Apéndice, era uno de fácil comprobación. Un simple cotejo del Apéndice hubiese revelado su falta. No obstante, el Tribunal de Circuito tardó más de año y medio en percatarse de la omisión, y esto, a pesar de haber tenido el expediente ante su consideración en por lo menos ocho (8) ocasiones, cuando emitió ocho (8) resoluciones sobre la presentación de la exposición narrativa de la prueba. Esta actuación del Tribunal de Circuito ocasionó el que las partes invirtieran tiempo y dinero en la confección y presentación de una exposición narrativa de la prueba estipulada que no sería utilizada. Si a esto le añadimos el hecho de que los documentos omitidos no eran necesarios para entender y resolver los planteamientos de derecho; nos

---

[21] Alegó la parte demandada apelante que el tribunal de instancia erró al determinar: que la Sra. Ana Toledo era responsable por los gastos relacionados con la conexión del sistema de sanitaria del edificio en cuestión; no concluir que el contratista incumplió con su obligación contractual y que dicho incumplimiento le causó perdidas económicas y daños emocionales; que los vicios de construcción en las escaleras se pueden reparar sin necesidad de demolerlas; y finalmente que la demandada adeuda al demandante la cantidad de $12,360 por concepto de cambios de órdenes y no concluir que los materiales y equipos usados por el contratista son de inferior calidad y han causado una depreciación significativa del inmueble y que el contratista acepta adeudar la suma de $1,404.

vemos forzados a concluir que no existía razón alguna de peso para exigirlos que no fuese darle un valor inusitado al simple hecho de que las reglas procesales así lo disponen.

Bajo estas circunstancias, el darle valor jurisdiccional a la no presentación dentro del término para apelar de unos documentos que resultan innecesarios para atender la apelación es una interpretación errónea, injustificada y arbitraria de las reglas procesales. Ello en contradicción con la norma cardinal de interpretación sobre la reglas procesales establecida en la Regla 1 de Procedimiento Civil, supra. Ésta exige que las reglas procesales se interpreten de manera que en todo procedimiento se haga justicia de forma justa, rápida y económica. La actuación del Tribunal de Circuito violenta estos postulados.

Entendemos que las disposiciones que aparecen en las Reglas de Procedimiento Civil y los Reglamentos del Tribunal de Circuito de Apelaciones y del Tribunal Supremo sobre los documentos que deben ser incluidos en el Apéndice de los recursos, <u>sólo tienen cariz jurisdiccional cuando los documentos omitidos son necesarios para entender y resolver el recurso</u>. Sólo así se justifica el que su omisión, dentro del término para presentar el recurso, se entienda como una falta de perfeccionamiento en tiempo del mismo. Requerir lo innecesario y luego privar a un litigante de su derecho a que un tribunal de mayor jerarquía revise lo que considera una actuación equivocada de un tribunal inferior, va contra lo naturaleza misma del debido proceso de ley.

Si a todo lo anterior le añadimos que en el caso de autos el Tribunal de Circuito tardó más de año y medio en atenderlo, se hace aún más patente la interpretación arbitraria e injusta que se está haciendo de las reglas procesales.

Por las razones antes expuestas, dictaríamos sentencia revocando la dictada por el Tribunal de Circuito y devolveríamos el caso para que éste atienda la apelación en los méritos.


MIRIAM NAVEIRA DE RODÓN
Juez Asociada