EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico en interés del Menor: E.A.L.N. | Certiorari<br><br>2012 TSPR 173<br><br>187 DPR ____ |

Número del Caso: CC-2011-863

Fecha: 14 de noviembre de 2012

Tribunal de Apelaciones:

      Región Judicial de San Juan, Panel III

Abogada de la Parte Peticionaria:
Sociedad para Asistencia Legal

      Lcda. Marangely González Correa

Oficina del Procurador General:

      Lcda. Luis R. Román Negrón
      Procurador General

      Lcda. Ana R. Garcés Camacho
      Procuradora General Auxiliar

Materia: Ley de Menores – Término para revisar órdenes o resoluciones; jurisdicción del Tribunal

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
en interés del Menor: E.A.L.N.

*Certiorari*

CC-2011-0863

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco

San Juan, Puerto Rico, a 14 de noviembre de 2012.

Con el propósito de cumplir con el deber de examinar nuestra jurisdicción y la de los tribunales inferiores, estudiamos la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2202 *et seq.*, y la Regla 9.1 de las de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, a la luz de los cambios incorporados a dicha Regla por la Ley 21-2010.

Concluimos que la Ley 21-2010 no afecta nuestras expresiones en *Pueblo en interés menor J.M.R.*, 147 D.P.R. 65 (1998)(*Per Curiam*) ni *Pueblo ex rel. R.S.R.*, 121 D.P.R. 293 (1988). Es decir,

como regla general el término jurisdiccional para apelar una Orden o Resolución dictada en virtud de la Ley Núm. 88, *supra*, es de treinta (30) días siguientes a la fecha en que se dictó la Resolución del caso. *Pueblo en interés menor J.M.R.*, supra. Asimismo, cuando el menor perjudicado por la Resolución no conoce su contenido hasta que le es notificada por correo, el término para apelar comienza a cursar tras la certificación de notificación a las partes por la Secretaría del tribunal. *Pueblo ex rel. R.S.R.*, supra.

Sin embargo, la Ley 21-2010 aclara que cuando los términos cursan a partir de la fecha de archivo en autos de copia de la notificación de una Resolución u Orden y esta es distinta a la de su depósito en el correo, el término se calculará a partir de la fecha del depósito. Por lo tanto, esta enmienda a la Regla 9.1 de las de Procedimiento para Asuntos de Menores aplica a aquellos casos excepcionales reconocidos en *Pueblo ex rel. R.S.R.*, supra.

I

El Procurador de Asuntos de Menores presentó cargos contra el menor E.A.L.N. (en adelante peticionario o menor) por violación al Art. 3.23(a) de la Ley 22-2000, según enmendada, conocida como Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 5073; al Art. 15 de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada, conocida como Ley para la Protección de la Propiedad

Vehicular, 9 L.P.R.A. sec. 3214, y a la Ley 253-1995, conocida como Ley de Seguro de Responsabilidad Obligatorio para Vehículos de Motor, 26 L.P.R.A. sec. 8051 *et seq.*[1]

El 19 de agosto de 2010 se determinó causa contra el menor por las primeras dos (2) faltas, mas no por la violación a la Ley 253-1995, *supra*. Así las cosas, el 7 de septiembre de 2010 se celebró la Vista Adjudicativa. A esta compareció el menor acompañado por su padre, su abuela y su representante legal. El peticionario hizo alegación de "no incurso".

Tras concluir la presentación de la prueba del Procurador de Asuntos de Menores[2] y sin que ninguna de las partes argumentara, el tribunal encontró al menor incurso en ambas faltas. Además, le impuso la medida dispositiva de doce (12) meses por la infracción a la Ley Núm. 8, *supra*, y seis (6) meses por la violación a la Ley 22-2000, *supra*, a cumplirse de manera consecutiva entre sí bajo la custodia de la Administración de Instituciones Juveniles. La Sentencia fue reducida a escrito el 30 de septiembre de 2010.

---

[1] Al menor se le imputó que "… ilegal, voluntaria y maliciosamente, TENIA, POSEIA Y/O DISPONIA en su poder un vehículo de motor (motora)… el cual había sido notificado hurtado el día 9 de [m]ayo de 2010 …". Queja Núm. QUC10-336 de 29 de julio de 2010. De igual forma, se le imputó que "… ilegal, voluntaria y criminalmente conducía un vehículo de motor (motora)… siendo este menor de 18 años y SIN ESTAR AUTORIZADO por el Honorable Secretario de Transportación y Obras Públicas a conducir vehículos de motor por las vías públicas de Puerto Rico". Queja Núm. QUC10-337 de 29 de julio de 2010.

[2] El Procurador de Asuntos de Menores presentó los testimonios del Sr. Andy L. Vázquez Adorno, la Sra. May L. Vázquez Adorno, el Agente Ercilio Nieves López y la Agente Marie Martínez Figueroa. Apéndice de la Petición de *certiorari*, págs. 17-19.

El 14 de octubre de 2010, el peticionario presentó ante el Tribunal de Apelaciones su escrito de apelación. Señaló que no se probó más allá de duda razonable todos los elementos del delito y que hubo ausencia total del elemento de "a sabiendas de que había sido hurtado ilegalmente".[3]  Asimismo, el 22 de octubre de 2010, el peticionario compareció nuevamente para aclarar que el término para presentar la apelación vencía el 30 de octubre de ese año en conformidad con la Ley 21-2010.

Posteriormente, el Tribunal de Apelaciones revocó la Sentencia en cuanto a la infracción al Art. 15 de la Ley Núm. 8, *supra*.    Inconforme, el Procurador General presentó una Moción de Reconsideración el 23 de mayo de 2011.    Tras evaluar la posición de la defensa, el Tribunal de Apelaciones emitió una Sentencia en Reconsideración el 29 de septiembre de 2011 en la que confirmó la determinación recurrida.

Inconforme, el 25 de octubre de 2011 el peticionario recurrió ante nos señalando los mismos errores por los que acudió al foro apelativo intermedio.

Examinado el recurso, acordamos expedir. Contando con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

II

---

[3] Apéndice de la Petición de *certiorari*, pág. 25. También apuntó como error que el tribunal no acogiera la solicitud oral de reconsideración previo a determinar la medida dispositiva.

Antes de examinar los errores señalados, debemos cumplir con el deber de estudiar si poseemos jurisdicción para adjudicar el caso de autos. En vista de que las cuestiones relativas a la jurisdicción son de naturaleza privilegiada, estas deben ser resueltas con preferencia a cualquier otro asunto a pesar de que no se nos haya planteado por las partes, e incluso en cuanto a la autoridad de los tribunales inferiores. *Ponce Fed. Bank v. Chubb Life Ins. Co.*, 155 D.P.R. 309, 332 (2001). Esto pues, los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumirla donde no la hay. *Cruz Parrilla v. Depto. Vivienda*, res. el 23 de enero de 2012, 184 D.P.R. __ (2012), 2012 T.S.P.R. 11, 2012 J.T.S. 24; *Dávila Pollock et als. v. R.F. Mortgage*, 182 D.P.R. 86 (2011).

A esos efectos, hemos enfatizado que los términos de apelación -tanto en casos civiles, penales o de menores- establecen la jurisdicción de los tribunales apelativos. *Pueblo en interés menor J.M.R.*, supra, págs. 74-75. Al constituir términos jurisdiccionales, estos son fatales, improrrogables e insubsanables. Por ende, una vez transcurren el tribunal o la agencia estatal pierde jurisdicción para atender el asunto ante su consideración. *Peerless Oil & Chemical, Inc. v. Hermanos Torres Pérez, Inc.*, res. el 13 de julio de 2012, 184 D.P.R. __ (2012), 2012 T.S.P.R. 119, 2012 J.T.S. ___; *Martínez, Inc. v. Abijoe Realty Corp.*, 151 D.P.R. 1 (2000); *Pueblo en interés menor J.M.R.*, supra.

Examinemos, entonces, las disposiciones que nos confieren jurisdicción sobre el caso de autos.

A.

Los procedimientos investigativos, judiciales y ejecutivos de menores de dieciocho (18) años de edad que incurren en conducta constitutiva de delito -según tipificada en el Código Penal y demás leyes especiales- se rigen por las disposiciones de la Ley Núm. 88, *supra*, así como por las Reglas de Procedimiento para Asuntos de Menores, *supra*. Estas fuentes crean el esquema jurídico aplicable a los procedimientos de menores.[4] *Pueblo en interés menor C.Y.C.G*, 180 D.P.R. 555 (2011); *Pueblo en Interés Menor G.R.S.*, 149 D.P.R. 1, 14 (1999).

Por su parte, la Ley Núm. 88, *supra*, reconoce un Sistema de Justicia Juvenil de carácter especial, pero establece un enfoque filosófico que brinda al menor toda oportunidad rehabilitativa a la vez que le exige responsabilidad por sus actos.[5] A pesar de la naturaleza *sui generis* de los procedimientos de menores, se le han extendido a estos los derechos procesales fundamentales

---

[4] La Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2236, así como las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, se deben interpretar de acuerdo con los propósitos siguientes: (1) proveer para el cuidado, protección, desarrollo, habilitación y rehabilitación de los menores y proteger el bienestar de la comunidad; (2) proteger el interés público tratando a los menores como personas necesitadas de supervisión, cuidado y tratamiento, a la vez que se les exige responsabilidad por sus actos, y (3) garantizar a todo menor un trato justo, el debido procedimiento de ley, y el reconocimiento de sus derechos constitucionales. 34 L.P.R.A. sec. 2204. Asimismo, se interpretarán de forma que garanticen una solución justa, rápida y económica de todos los asuntos. 34 L.P.R.A. Ap. I-A, R. 1.2.

[5] Sobre el desarrollo del sistema de justicia juvenil en Puerto Rico, véase *Pueblo en interés menor C.Y.C.G.*, 180 D.P.R. 555 (2011).

reconocidos a los adultos por mandato constitucional. Por ello, las Reglas de Procedimiento para Asuntos de Menores "siguen fundamentalmente las disposiciones de las Reglas de Procedimiento Criminal que regulan… los procedimientos criminales contra los adultos". *Pueblo en interés menor G.R.S.*, supra, pág. 14, citando a *Pueblo en interés menor R.G.G.,* 123 D.P.R. 443 (1989).

En cuanto a la apelación, el Art. 35 de la Ley Núm. 88, *supra*, dispone que la Orden o Resolución dictada a su amparo podrá apelarse ante el Tribunal de Apelaciones. A su vez, la determinación correspondiente podrá ser revisada por este Tribunal mediante el recurso de *certiorari*. Por otro lado, la Regla 9.1(1)(b)(i) de las de Procedimiento para Asuntos de Menores, *supra*, establece un término **jurisdiccional** de treinta (30) días para apelar la Orden o Resolución dictada. Empero, ¿cuándo comienza a cursar el término de treinta (30) días para apelar las resoluciones que imponen a un menor una medida dispositiva?

No es la primera vez que examinamos el término provisto por la Regla 9.1 de las de Procedimiento para Asuntos de Menores, *supra*. Sin embargo, hoy examinamos este precepto tras la enmienda sufrida por la Ley 21-2010. Anteriormente hemos computado este plazo según el texto claro de la Regla: el término es de "treinta (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso". 34 L.P.R.A. Ap. I-A, R.9.1. Ello, a pesar de que se emita posteriormente por escrito y se

notifique por correo a las partes. H.A. Sánchez Martínez, *Práctica Jurídica de Puerto Rico: Derecho Procesal Apelativo*, Ed. Lexis-Nexis, 2001, pág. 86. Sin embargo, excepcionalmente se utiliza la fecha del archivo en autos del dictamen. Id.

Así, en *Pueblo ex rel. R.S.R.,* supra, nos expresamos por primera vez sobre la Ley Núm. 88, *supra*, y sobre el término para presentar un escrito de apelación a su amparo. Particularmente, examinamos desde cuándo comienza a contar el término para acudir en apelación ante un dictamen en el que el Tribunal de Menores renunció a su jurisdicción. Entonces, la Regla 9.1 de las de Procedimiento para Asuntos de Menores, *supra,* disponía de un término de veinte (20) días "siguientes a la fecha en que se dictó la resolución que dispuso del caso" para presentar el escrito de apelación en la Secretaría de la sala del tribunal que dispuso del caso y para instar copia del escrito a la Secretaría del tribunal apelativo.[6] En dicho caso el apelante instó su escrito a tiempo más no presentó copia del recurso ante el tribunal apelativo. Aunque reconocimos la similitud de la Regla 9.1 de las de Procedimiento para Asuntos de Menores,

---

[6] La Regla 9.1 de las de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A R.9.1(b)(1991), aplicable al caso disponía, en lo pertinente, que:

> "La apelación se formalizará presentando un escrito de apelación en la secretaría de la sala del Tribunal que entendió en el caso dentro de los veinte (20) días siguientes a la fecha en que se dictó la resolución que dispuso del caso y se deberá presentar o remitir por correo certificado copia de dicho escrito a la secretaría del Tribunal Supremo dentro del referido término".

*supra,* con la Regla 194 de Procedimiento Criminal vigente, señalamos, a su vez, una importante diferencia con efectos de debido proceso de ley: de ordinario la Sala de Asuntos de Menores renuncia a la jurisdicción sobre un menor mediante Resolución por escrito y fuera de la presencia del menor y su representante. Es por ello que cuando un menor perjudicado por una Resolución y su abogado no se enteran del contenido de la misma hasta que se emite por escrito, el término para apelar provisto por la Regla 9.1 de las de Procedimiento para Asuntos de Menores, *supra*, comienza a transcurrir desde la fecha en que la Secretaría de la Sala de Asuntos de Menores certificó haber notificado a las partes, o, en los casos apropiados, desde la fecha en que se hace la notificación personalmente. Esto para no propiciar que se afecte de manera intolerable el derecho de apelación cuando el tribunal se reserva el contenido de la Resolución.

Diez (10) años más tarde tuvimos la oportunidad de expresarnos nuevamente sobre la Regla 9.1 de las de Procedimiento para Asuntos de Menores, *supra*. Para entonces esta había sido enmendada para atemperarla a la Ley Núm. 1 de 28 de julio de 1994, conocida como Ley de la Judicatura de Puerto Rico de 1994, y concedía un término jurisdiccional de treinta (30) días para apelar.[7]

---

[7] La Regla 9.1(b)(1) de las de Procedimiento para Asuntos de Menores, según enmendada por la Ley Núm. 88 de 27 de julio de 1996, disponía que:

> "La apelación se formalizará presentando un escrito de apelación conforme a lo dispuesto en el Plan de Reorganización Núm. 1 de la Rama Judicial, aprobado el 28

En *Pueblo en interés menor J.M.R.,* supra, un menor presentó un recurso de apelación diecinueve (19) días después de que la Resolución emitida fuera notificada por correo.  Sin embargo, el escrito fue presentado treinta y un (31) días después de haberse dictado la medida dispositiva en corte abierta.  En la vista dispositiva estuvo presente el menor, su abogado y su custodio legal.

Al examinar la Regla 9.1 entonces vigente señalamos que el término comenzaba a contarse desde la fecha en la que se dictó la Resolución que dispuso del caso puesto que el menor estuvo acompañado por su representante legal al momento de la imposición de la medida dispositiva. Aclaramos que cuando el menor es informado en corte abierta de la medida dispositiva impuesta no hay justificación para que aplique la excepción reconocida en *Pueblo ex rel. R.S.R.,* supra.

No obstante, a principios del año 2010 la Regla 9.1 de las de Procedimiento para Asuntos de Menores, *supra*, fue nuevamente enmendada

> …a los efectos de establecer **que los términos que se calculen a partir del archivo en autos de copia de la notificación de la sentencia**, resolución u orden, comenzarán a correr a partir del depósito en el correo de la notificación de la resolución u orden, cuando esta fecha sea distinta a la del archivo en autos". Título, Ley 21-2010. (Énfasis suplido).

---

de julio de 1994, según enmendado [4 L.P.R.A. secs. 22 a 23n]; conocido como la "Ley de la Judicatura de 1994", y dentro de los treinta (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso.  Este término es jurisdiccional". 1996 Leyes de Puerto Rico 412.

Esto pues, este beneficio no se había hecho extensivo a los casos penales o de menores con la promulgación de la Ley 40-1999. H.A. Sánchez Martínez, *op.cit.* En lo pertinente al caso de autos, la Regla 9.1(1)(b)(i) de las de Procedimiento para Asuntos de Menores, *supra*, aplicable indica que:

> (1) Las órdenes y resoluciones finales dictadas por el Tribunal de Instancia… podrán ser apeladas ante el Tribunal de Circuito de Apelaciones… En la interposición de estos recursos deberán regir las reglas adoptadas por el Tribunal Supremo de Puerto Rico, sujeto a las siguientes normas:
> (a)…
> (b)(i) La apelación se formalizará presentando un escrito de apelación conforme a lo dispuesto en la "Ley de la Judicatura de 2003", secs. 24 a 25r del Título 4, y **dentro de los treinta (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso. Este término es jurisdiccional. Si la fecha de archivo en autos de copia de la notificación de la resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.** VER Art. 4.06 Ley Judicatura 2003 [sic]. (Énfasis suplido).

A través de esta enmienda, la Asamblea Legislativa hizo hincapié de que es imprescindible la pronta y correcta notificación a las partes de cualquier Sentencia, Resolución u Orden judicial cuyo archivo en autos de copia de la notificación genere los términos para solicitar su revisión ante los foros apelativos. Exposición de Motivos, Ley 21-2010. De esta forma, la Asamblea Legislativa aclaró el alcance de los términos establecidos en la Regla 9.1 de las de Procedimiento para Asuntos de Menores, *supra,* al amparo de nuestras

expresiones en *Martínez, Inc. v. Abijoe Realty Corp.*, supra, con la intención de proteger los derechos de la parte afectada por la demora en la notificación cuando los términos comienzan a cursar tras el archivo en autos de copia de la Resolución.[8]

No obstante, del texto de la Ley 21-2010 no surge expresión ni intención alguna de la Asamblea Legislativa de modificar su claro mandato de que el término jurisdiccional comienza a cursar "dentro de los treinta (30) días siguientes a la fecha en que se dictó la resolución que dispuso del caso" ni de modificar nuestras expresiones en *Pueblo en interés menor J.M.R.*, supra, *y Pueblo ex rel. R.S.R.*, supra.

Tal como dispone el Art. 14 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 14, "[c]uando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu". Por lo tanto, la enmienda no modifica la regla general. Nuestras interpretaciones en *Pueblo en interés*

---

[8] En *Martínez, Inc. v. Abijoe Realty Corp.*, 151 D.P.R. 1 (2000), examinamos el alcance de la Ley 40-1999 en la Regla 46 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III. Esa ley buscaba salvaguardar los derechos apelativos de las partes en aquellos casos en los que la notificación postal no coincide con el archivo en autos del dictamen. *Martínez, Inc. v. Abijoe Realty Corp.*, supra. Particularmente, analizamos la importancia de la notificación simultánea de sentencias, resoluciones u órdenes que generan términos para su revisión. La simultaneidad en estos casos está justificada en los requerimientos del debido proceso de ley para evitar un trato desigual entre las partes; para evitar la demora del momento en el que las partes efectivamente adquieren conocimiento de la sentencia, y para la "correcta" operación interna de las secretarías de los tribunales. Sin embargo, aún sin contar con la enmienda incorporada por la Ley Núm. 40, supra, ya habíamos indicado que para proteger los derechos de la parte afectada por una notificación extremadamente tardía, se entendería que el término comenzó a transcurrir el día en que se cursó la notificación a las partes. Id., pág. 9.

*menor J.M.R.*, supra *y Pueblo ex rel. R.S.R.*, supra, siguen vigentes. No obstante, cuando el menor, su representación legal y su custodio legal no estuvieran presentes en el momento en que se emitió la Resolución, el término se contará desde el archivo en autos de copia de la notificación de la Resolución. Ahora bien, cuando la fecha de depósito en el correo sea distinta a la del archivo en autos, el término se calculará a partir de la fecha del depósito.

III

Como señaláramos, el 7 de septiembre de 2010 se celebró la vista adjudicativa.  Ese mismo día se encontró al menor incurso en ambas faltas y se le impusieron las medidas dispositivas pertinentes en presencia de este, su padre, su abuela y su representación legal. La Sentencia fue reducida a escrito y notificada el 30 de septiembre de 2010. Sin embargo, no fue hasta el 14 de octubre de 2010 que el peticionario presentó su escrito de apelación. Como consecuencia, el menor presentó un escrito de apelación treinta y siente (37) días después de dictada la Resolución, pero tan solo catorce (14) días desde que fuera notificada. Sin embargo, mediante una comparecencia posterior sostuvo que el término para presentar la apelación vencía el 30 de octubre de ese año en conformidad con la Ley 21-2010.

Dado que en el caso de autos el peticionario, su padre, su abuela y su abogada fueron notificados en sala de la adjudicación y disposición del caso el 7 de

septiembre de 2010, el término para presentar la apelación comenzó a transcurrir desde la fecha en que se dictó. Asimismo, el término para instar la apelación venció el 7 de octubre de 2010. Por lo tanto, el recurso fue presentado tardíamente. En vista de ello, concluimos que el foro apelativo carecía de jurisdicción para atender el caso.

IV

Por los fundamentos antes expuestos, se revoca el dictamen recurrido y se desestima el recurso de apelación presentado ante el Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico
en interés del Menor: E.A.L.N.

*Certiorari*

CC-2011-0863




SENTENCIA

San Juan, Puerto Rico, a 14 de noviembre de 2012.

Por los fundamentos antes expuestos, se revoca el dictamen recurrido y se desestima el recurso de apelación presentado ante el Tribunal de Apelaciones.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Larissa Ortiz Modestti
Secretaria del Tribunal Supremo Interina