EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Pueblo de Puerto Rico en interés del menor L.A.B.M. | Certiorari<br><br>2013 TSPR 32<br><br>188 DPR ____ |

Número del Caso: CC-2012-551

Fecha: 14 de marzo de 2013

Tribunal de Apelaciones:

      Región Judicial de Caguas

Oficina del Procurador General:

      Lcdo. Luis Román Negrón
      Procurador General

      Lcda. Ana Garcés Camacho
      Procuradora General Auxiliar

Abogado de la Recurrida:

      Lcdo. Héctor Crespo Millán

Materia: Ley de Menores de Puerto Rico – Renuncia de jurisdicción sobre menor por advenir a la mayoría de edad; factores a considerar para determinar si procede la renuncia de jurisdicción.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Pueblo de Puerto Rico en          CC-2012-0551       *Certiorari*
interés del menor L.A.B.M.

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton.

San Juan, Puerto Rico, a 14 de marzo de 2013.

Nuevamente, nos enfrentamos a una controversia en que una persona mayor de edad es imputada de una conducta delictiva alegadamente ocurrida cuando era menor. En esta ocasión, debemos determinar si la Sala de Asuntos de Menores del Tribunal de Primera Instancia debe analizar los factores establecidos en el Art. 15 de la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2215, para determinar si procede renunciar a su jurisdicción, a la luz de lo resuelto en Pueblo v. Villafañe Marcano, 183 D.P.R. 50 (2011). Por concluir en la negativa, revocamos al tribunal

recurrido y ordenamos el traslado del caso a la Sala de lo Criminal del foro primario para la continuación de los procedimientos.

I.

El 5 de julio de 1997, el Sr. Porfirio Bezares Torres fue asesinado en su residencia ubicada en el Barrio Jaguar del Municipio de Gurabo. Por esos hechos, el 25 de mayo de 2007, el Ministerio Público presentó ante el Tribunal de Primera Instancia, Sala de lo Criminal, seis (6) denuncias contra el Sr. Luis Alberto Benítez Martínez. Aunque en un inició se encontró causa para el arresto, tras una solicitud de reconsideración, la Sala de lo Criminal se declaró sin jurisdicción porque, aunque para ese momento el señor Benítez Martínez tenía 25 años, cuando ocurrieron los hechos imputados tenía 15 años de edad. En alzada, dicho foro desestimó los proyectos de denuncia porque la Sala de Asuntos de Menores no había renunciado a su jurisdicción para que la Sala de lo Criminal pudiera asumir la suya.

El 12 de agosto de 2008, por los mismos hechos, el Procurador de Menores presentó contra el señor Benítez Martínez seis (6) proyectos de queja por violación a los Art. 83, 173 y 262 del Código Penal de Puerto Rico de 1974, 33 L.P.R.A. ant. secs. 4002, 4279 y 4523, y a los Art. 6, 8 y 8(A) de la Ley Núm. 17 de 19 de enero de 1951, conocida como la Ley de Armas, 25 L.P.R.A. ant. secs. 416, 418 y 418a. Esta vez, las denuncias fueron presentadas ante la Sala de Asuntos de Menores. Dicho foro se declaró sin jurisdicción para celebrar la vista de determinación de causa para radicar

querella. Sin embargo, el Tribunal de Apelaciones le ordenó que atendiera el caso.

En la vista de causa probable para radicar querella, no se encontró causa. Al recurrir en alzada, sí se determinó causa por todas las faltas imputadas. Tras dicha determinación, el Procurador de Menores (Procurador) presentó *Solicitud de Renuncia de Jurisdicción.* A tales efectos se celebró una vista adjudicativa. La Sala de Asuntos de Menores determinó que:

> Examinada y aquilatada la prueba documental y testifical presentada, luego de un análisis de los cuatro factores requeridos por la Ley de Menores, *supra*, considerando la edad actual del imputado y la falta de servicios para un adulto en un sistema de menores, el tribunal declara Con Lugar la Renuncia de Jurisdicción en el caso de autos. Los hechos particulares de este caso y las características del imputado, entendemos que, a pesar de no necesitar rehabilitación en estos momentos, en caso de hallarse incurso en las faltas imputadas este tribunal no tendría servicios que ofrecerle al imputado, por tratarse de un adulto. Resolución del TPI, Sala de Asuntos de Menores, Apéndice, pág. 109.

Además, concluyó que unas notas del agente que testificó en la vista no eran admisibles por carecer de suficientes garantías de confiabilidad.

Inconforme con esa determinación sobre admisibilidad, el Procurador acudió oportunamente al Tribunal de Apelaciones mediante recurso de *certiorari.* Alegó que la actuación de la Sala de Asuntos de Menores fue *ultra vires* toda vez que no procedía suprimir evidencia en una vista de renuncia de jurisdicción ya que la misma es de alcance limitado. En la alternativa, cuestionó los méritos de la determinación.

Por su parte, el señor Benítez Martínez presentó un recurso de *Apelación y Réplica al Escrito de Certiorari*. Solicitó la revocación de la determinación sobre renuncia de jurisdicción.

El foro apelativo denegó la expedición del auto de *certiorari* solicitado por el Procurador y revocó el dictamen apelado por el señor Benítez Martínez. Determinó que los factores a analizar cuando se trata de la renuncia de jurisdicción de una persona que al momento de ser imputado es un adulto son los mismos que si se tratara de un menor de edad. Así pues, concluyó que el Procurador no satisfizo el *quantum* de preponderancia de la prueba necesario para fundamentar la renuncia de jurisdicción. De esa forma, rechazó que la mayoría de edad sea el único factor a considerar y que la Sala de Menores deba renunciar automáticamente a su jurisdicción cuando el imputado sea mayor de edad al momento de iniciarse el procedimiento en su contra.

Inconforme, el Procurador acude ante nos. Con el beneficio de la comparecencia de ambas partes, expedimos el recurso y procedemos a resolver.

II.

El sistema de justicia juvenil en Puerto Rico se rige por la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2201 *et seq.* (Ley de Menores) y las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A. Mediante la Ley de Menores se estableció un enfoque filosófico penal

ecléctico de rehabilitación del menor a la vez que se le exige responsabilidad por sus actos. Pueblo en interés del menor E.A.L.N., 2012 TSPR 173, 187 D.P.R.____ (2012); Pueblo en interés de los menores C.L.R. y A.V.L., 178 D.P.R. 315, 323 (2010); Pueblo en interés del menor R.H.M., 126 D.P.R. 404, 409 (1990).

La jurisdicción de la Sala de Asuntos de Menores se encuentra delimitada por el Art. 4 de dicha Ley. 34 L.P.R.A sec. 2204. Como regla general, esta sala atiende aquellos casos en que se le imputa a una persona menor de edad conducta constitutiva de falta, incurrida antes de este haber cumplido dieciocho (18) años de edad. Sin embargo, la Ley de Menores reconoce expresamente instancias en las que, de forma automática, el caso será atendido en la Sala de lo Criminal, como si se tratare de un adulto. A saber, cuando se le impute a un menor que hubiere cumplido quince (15) años de edad la comisión de hechos constitutivos de asesinato en primer grado mediante deliberación y premeditación; o cuando se le imputen hechos constitutivos de delito que surjan de la misma transacción o evento constitutivo de asesinato en primer grado mediante deliberación y premeditación; o cuando se hubiese adjudicado previamente un asesinato como adulto.

Además, la Ley de Menores reconoce la posibilidad de que el Procurador solicite que la Sala de Asuntos de Menores renuncie a su jurisdicción. El Art. 15 de la Ley de Menores dispone:

> (a) Solicitud por Procurador.- El Tribunal, a solicitud del Procurador, podrá renunciar la jurisdicción sobre un menor que sea mayor de catorce

(14) años y menor de dieciocho (18) años, a quien se le impute la comisión de cualquier falta Clase II o III. El Procurador deberá efectuar dicha solicitud mediante moción fundamentada cuando considere que entender en el caso bajo las disposiciones de este capítulo no responderá a los mejores intereses del menor y de la comunidad.

El Procurador deberá promover la solicitud de renuncia de jurisdicción en los siguientes casos:

(1) Cuando se impute a un menor que sea mayor de catorce (14) años la comisión de hechos constitutivos de asesinato en la modalidad que está bajo la autoridad del tribunal, cualquier otro delito grave de primer grado, y cualquier otro hecho delictivo que surja de la misma transacción o evento.

(2) Cuando se impute al menor una falta Clase II o III y se le hubiera adjudicado previamente una falta Clase II o III, incurrida entre los catorce (14) y dieciocho (18) años.

El Procurador vendrá obligado a advertir al tribunal la falta de jurisdicción cuando se trata de aquellos casos excluidos de su autoridad por disposición expresa de este capítulo.

(b) Vista.-El tribunal, previa notificación, celebrará una vista de renuncia de jurisdicción.

(c) Factores a considerar.-Para determinar la procedencia de la renuncia a que se refiere el inciso (a) de esta sección, el tribunal examinará los siguientes factores:

(1) Naturaleza de la falta que se imputa al menor y las circunstancias que la rodearon.

(2) Historial legal previo del menor, si alguno.

(3) Historial social del menor.

(4) Si el historial socioemocional y sus actitudes hacia la autoridad hacen necesario establecer controles respecto a su comportamiento que no se le puedan ofrecer en los centros de custodia o en las instituciones de tratamiento social a disposición del tribunal. 34 L.P.R.A sec. 2215.

La renuncia de jurisdicción se considera una etapa crítica del procedimiento porque se trata del traslado del menor de una jurisdicción a otra. Pueblo en interés del menor R. H. M., *supra*, a la pág. 411.

En cuanto al procedimiento durante la vista señalada en el Art. 15, la Regla 4.4 de Procedimiento para Asuntos de Menores establece que:

> Durante la vista, el Procurador presentará la prueba con que cuente en apoyo de su solicitud. El menor podrá rebatir la prueba y cuestionar el contenido de los documentos presentados en evidencia, así como interrogar a las personas que suscriban informes periciales.
>
> El Tribunal resolverá a base de la preponderancia de la prueba. 34 L.P.R.A. Ap. I-A R. 4.4

Por otra parte, la Ley de Menores establece en su Art. 5 que la autoridad de la Sala de Asuntos de Menores, sobre aquellos menores sujetos a su jurisdicción, cesa cuando estos cumplan la edad de veintiún (21) años o cuando se dé por terminada mediante orden.

Ahora bien, el que la Sala de Asuntos de Menores pierda su autoridad por el menor cumplir veintiún (21) años, no implica que también pierda su jurisdicción. Pueblo v. Villafañe Marcano, supra. Por eso, es una condición previa que la Sala de Menores renuncie a su jurisdicción para que luego se pueda iniciar el procedimiento ante la Sala de lo Criminal. Íd. Esto, a menos que las acciones de la persona se puedan interpretar como una renuncia implícita a la jurisdicción de dicha Sala. Íd. Véase Pueblo v. Cruz Alicea, 170 D.P.R. 837 (2007) y Pueblo v. Suárez, 167 D.P.R. 850 (2006).

Recordemos que:

> […] es el Art. 4 de la mencionada ley [de Menores] el único que establece los parámetros de la jurisdicción del Tribunal de Menores. Mientras, el Art. 5 enmarca no el aspecto jurisdiccional del

Tribunal de Menores, sino el término para la implementación del tipo y la duración de la medida dispositiva que se ha de imponer. Pueblo v. Villafañe Marcano, *supra,* pág. 73.

Así pues, según pautamos en Pueblo v. Villafañe Marcano, *supra,* cuando una persona mayor de edad es imputada de una conducta delictiva alegadamente ocurrida cuando era menor de edad y la situación se ajusta a lo establecido en el Art. 15, ya que el imputado tiene más de catorce (14) años y se le imputa la comisión de algunas de las faltas previstas en dicho artículo, la Sala de Asuntos de Menores tiene tres posibles cursos de acción ante la solicitud de renuncia. A saber, 1) considerar cualquier moción de desestimación, declararla Ha Lugar y que así concluya el procedimiento; 2) considerar cualquier moción de desestimación, declararla No Ha Lugar y renunciar a su jurisdicción; o 3) simplemente renunciar a su jurisdicción para que la Sala de lo Criminal atienda el planteamiento. Ahora bien:

> *en el supuesto de que decida no atender ningún planteamiento dirigido a desestimar los cargos contra la persona o que, considerado en sus méritos, el planteamiento se declare "no ha lugar", el Tribunal de Menores no tiene otra opción que renunciar a su jurisdicción y enviar el caso al tribunal ordinario.* Íd

III.

En el caso de autos, al señor Benítez Martínez se le imputa la comisión de faltas cuando tenía 15 años de edad. Aunque a la fecha en que se inició el proceso en su contra este tenía 25 años, la Sala de Asuntos de Menores tenía jurisdicción para atender el caso, según el Art. 4 de la Ley

de Menores. Como la situación se ajustaba a lo establecido en el Art. 15 de la Ley de Menores, el Procurador de Menores solicitó la renuncia de jurisdicción.

Conforme a lo resuelto en Pueblo v. Villafañe Marcano, supra, la Sala de Asuntos de Menores podía atender cualquier moción de desestimación y resolverla o podía rechazar atender esos planteamientos. Sin embargo, el señor Benítez Martínez no presentó ninguna moción de desestimación. Por lo tanto, la Sala de Asuntos de Menores no tenía otra opción que renunciar a su jurisdicción y enviar el caso a la Sala de lo Criminal. Esto, pues el señor Benítez Martínez advino a la mayoría de edad y la Sala de Asuntos de Menores perdió su autoridad. Por lo tanto, es forzoso concluir que la Sala de Asuntos de Menores no tenía que realizar el análisis de los factores establecidos en el Art. 15 de la Ley de Menores, pues estos sirven para analizar renuncias de jurisdicción cuando el imputado es todavía menor de edad.

Esta conclusión no solo se desprende de lo resuelto por este Tribunal en el caso Pueblo v. Villafañe Marcano, supra, sino que es la más razonable en términos prácticos. Los factores para evaluar la renuncia de jurisdicción permiten al tribunal:

> […] resolver a la luz de la totalidad de las circunstancias de cada caso si el menor es rehabilitable y, por ende, acreedor a los servicios ofrecidos por el sistema de menores o si debe responder por sus actos ante los tribunales ordinarios. Pueblo en interés del menor R. H. M., supra, pág. 417.
>
> Evidentemente, cuando se trata de una persona que ha

cumplido los veintiún (21) años esta deja de ser acreedora de los servicios ofrecidos por el sistema de menores. Es por esto que la Sala de Asuntos de Menores pierde su autoridad. Además, realizar un análisis de los factores, en esas circunstancias, implica suponer qué hubiera ocurrido si se hubiera iniciado el proceso cuando todavía era menor de edad.

En el caso ante nos, tanto el foro primario como el intermedio, analizaron los factores del Art. 15 de la Ley de Menores para determinar si procedía o no la renuncia de jurisdicción. Como ya indicamos, ese análisis no es necesario en los casos en donde se solicita la renuncia de jurisdicción sobre una persona mayor de veintiún (21) años que alegadamente cometió unas faltas entre los catorce (14) y dieciocho (18) años. Por consiguiente, tampoco procedía la determinación de admisibilidad que realizaron los foros recurridos. La única determinación que procedía por parte de la Sala de Asuntos de Menores era renunciar a su jurisdicción.

## IV.

Por los fundamentos señalados anteriormente, se revoca la sentencia recurrida y se ordena el traslado del caso a la Sala de lo Criminal para que continúe con los procedimientos.

Se dictará Sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Pueblo de Puerto Rico en          CC-2012-0551      *Certiorari*
interés del menor L.A.B.M.


SENTENCIA


En San Juan, Puerto Rico, a 14 de marzo de 2013.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la sentencia recurrida y se ordena el traslado del caso a la Sala de lo Criminal para que continúe con los procedimientos.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Martínez Torres emitió una Opinión de conformidad.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico en
interés del menor L.A.B.M.

                    CC-2012-0551


Opinión de conformidad emitida por el Juez Asociado señor MARTÍNEZ TORRES a la que se une el Juez Asociado señor RIVERA GARCÍA


En San Juan, Puerto Rico, a 14 de marzo de 2013.


La Opinión del Tribunal expone el derecho aplicable a la situación de hechos que nos ocupa, por lo que he votado de conformidad con ella. Hoy resolvemos que la autoridad o jurisdicción del Tribunal de Menores sobre un adulto que cometió un delito cuando era menor de edad se limita a la presentación de los cargos, seguida de una renuncia automática y el traslado del caso a la sala de adultos del Tribunal de Primera Instancia. El momento es apropiado para expandir mi expresión particular, hecha en Pueblo v. Villafañe Marcano, 183 D.P.R. 50, 76 (2011).

Me aparté entonces de las expresiones de este Tribunal en Pueblo en interés menor A.A.O., 138 D.P.R. 160 (1995). Allí hicimos una distinción entre los términos "jurisdicción" y "autoridad" empleados en los Arts. 4 y 5 de la Ley Núm. 88 de 9 de julio de 1986, según enmendada, conocida como la Ley de Menores de Puerto Rico, 34 L.P.R.A. secs. 2204 y 2205. Sin embargo, hay una explicación de los Arts. 4 y 5 que evita esa caracterización y confundiría menos a la comunidad legal.

En sustancia, los términos "jurisdicción" y "autoridad" son sinónimos. La "jurisdicción" es la **autoridad**, es decir, el poder de un tribunal para atender un asunto. Véanse, I. Rivera García, Diccionario de términos jurídicos, Equity Publ., Orford, N.H., 1976, pág. 144; Black's Law Dictionary, West Publ., 9na ed. (B.A. Garner, editor), 2009, pág. 927. Por eso el legislador utilizó esos términos indistintamente en la Ley de Menores. De hecho, en Pueblo en interés menor A.A.O., supra, pág. 172, dijimos que el uso de ambos términos en la ley era laxo.

La diferencia entre los Arts. 4 y 5 de la Ley de Menores, supra, es sencilla. Basta preguntarnos **para qué** es la jurisdicción o autoridad a la que se refiere cada artículo de la ley. El Art. 4, supra, se refiere a "los parámetros de la **jurisdicción** del Tribunal de Menores"... para encausar a un menor de edad. Pueblo v. Villafañe Marcano, supra, pág. 73. (Énfasis nuestro.) En cambio, el Art. 5, supra, se refiere a la **jurisdicción** del Tribunal de Menores para implementar y supervisar las medidas dispositivas impuestas a los menores que son hallados incursos en faltas. A tal fin, el Art. 5, íd., señala en su primer párrafo que la **jurisdicción** del Tribunal de

Menores para ejercer esa implementación y supervisión cesa cuando el menor cumple 21 años de edad. Si intercambiamos los términos "jurisdicción" y "autoridad" en ambos artículos nada cambia. No es una cuestión de semántica sino de sustancia.

Esa explicación es cónsona con el análisis del tribunal en <u>Pueblo v. Villafañe Marcano</u>, <u>supra</u>, y en la Opinión que el Tribunal emite hoy. Por eso mi voto es de conformidad.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado